**MDL 1373**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SEP 11 2000

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

PLEADING NO. 12

```
_____
                                    )
IN RE BRIDGESTONE/FIRESTONE, INC.   )
ATX, ATXII AND WILDERNESS TIRES     )
PRODUCTS LIABILITY LITIGATION       )        MDL Docket No. 1373
_____ )
```

### FORD MOTOR COMPANY'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407

Ford Motor Company ("Ford") hereby respectfully moves the Judicial Panel on

Multidistrict Litigation for an order (a) transferring a group of virtually identical purported class

actions pending various different federal district courts to a single district court and (b)

consolidating those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. A

list of the pending actions accompanies this motion.

In support of the transfer and consolidation of these actions, Ford avers the

following, as more fully set forth in the accompanying supporting memorandum:

1. The group of actions for which transfer and consolidation is proposed

allege claims involving alleged defects in ATX, ATX II, and Wilderness tires manufactured by

OFFICIAL FILE COPY
IMAGED SEP 13 '00

Bridgestone/Firestone, Inc. and contained in certain vehicles manufactured by Ford.  Each of the actions purports to be brought on behalf of a broad class of individuals.

2.    As required by 28 U.S.C. § 1407(a), the cases proposed for transfer and consolidation "involv[e] one or more common questions of fact" inasmuch as they are premised on identical factual allegations, contending that the tires in question are defective.

3.    In multiple respects, the proposed transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of the actions.  28 U.S.C. § 1407(a).

4.    For example, consolidation of the actions before a single court will eliminate duplicative discovery activity (particularly multiple depositions of the same witnesses), prevent duplicative and conflicting pretrial rulings (including class certification motions), conserve judicial resources, reduce the costs of litigation, and allow the cases to proceed more efficiently to trial.

5.    Defendants respectfully suggest that the U.S. District Court for the Northern District of Illinois, Eastern Division, would be an appropriate transferee forum because it is centrally located and has several judges with multidistrict litigation experience, and its caseload would permit the accommodation of this multidistrict litigation proceeding.

This Motion is based on the Memorandum in Support of this Motion filed by Ford this day, the pleadings and papers on file herein, and such other matters as may be presented to the Panel at the time of hearing.

Dated:  September 6, 2000

Respectfully submitted,

John H. Beisner
Stephen J. Harburg
John A. Rogovin
Martha Dye
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004-1109
(202) 383-5300

COUNSEL FOR FORD MOTOR
COMPANY

DC1:445601.1

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SEP 11 2000

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE BRIDGESTONE/FIRESTONE, INC.,)
ATX, ATXII AND WILDERNESS TIRES   )          MDL Docket No. 1373
PRODUCTS LIABILITY LITIGATION      )
                                   )

**MEMORANDUM OF FORD MOTOR COMPANY IN RESPONSE TO PLAINTIFF'S
MOTION FOR TRANSFER AND CONSOLIDATION OR COORDINATION
PURSUANT TO 28 U.S.C. § 1407 AND IN SUPPORT OF
FORD'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION
PURSUANT TO 28 U.S.C. § 1407**

Defendant Ford Motor Company ("Ford") respectfully submits this memorandum

in response to the pending motion for transfer and consolidation or coordination in this docket

filed pursuant to 28 U.S.C. § 1407.

There is agreement among both of the defendants in this matter (Bridgestone/

Firestone, Inc. ("Firestone") and Ford), as well as several groups of plaintiffs (*i.e.,* the plaintiffs

in the *Brookes, Powell, and Gustafson* cases) that the Judicial Panel on Multidistrict Litigation

("MDL Panel") should consolidate for pretrial coordination a number of purported class action

lawsuits that allege defects in Firestone ATX, ATX II, and Wilderness tires. These actions fit perfectly the statutory requirements of 28 U.S.C. § 1407 for transfer and consolidation: (i) they "involv[e] one or more common questions of fact"; (ii) transfer will further "the convenience of the parties and witnesses"; and (iii) transfer "will promote the just and efficient conduct of [the] actions by" ensuring centralized oversight of pretrial fact development in what are likely to be document-intensive, highly complex actions.

The only real disagreement among the litigants concerns the optimal forum for the MDL proceeding. For many reasons detailed below, Ford respectfully suggests that the transferee district should be the Northern District of Illinois (Eastern Division), where six of the cases proposed for inclusion in this proceeding are already pending.

### Background

*The Tire Recall* – For some time, the National Highway Traffic Safety Administration ("NHTSA"), a unit of the U.S. Department of Transportation, has been investigating the performance of certain Firestone ATX, ATX II, and Wilderness AT tires. Among other applications, certain of those tires were original equipment on many Ford Explorer sport utility vehicles. Even though NHTSA has received reports of failures on only a minute percentage of the tires at issue (a small fraction of one percent), Firestone instituted (under NHTSA's supervision) a recall of specific P235/75R15 ATX, ATXII, and Wilderness AT tires on August 9, 2000.

*The Ensuing Class Actions* – As soon as Firestone announced the recall, purported class actions (and other lawsuits) related to the tire issue began flooding into federal and state courts all over the country. At the moment, there are at least 50 purported class actions (or similar actions) pending against Firestone (and, in most instances, also Ford) in federal courts

2

in Alabama, California, the District of Columbia, Florida, Illinois, Kentucky, Louisiana,
Massachusetts, Maryland, Michigan, New York, Ohio, Oklahoma, Pennsylvania, Rhode Island,
South Carolina, Tennessee, Texas, and West Virginia.  The cases that Ford proposes for
consolidated treatment are listed in the accompanying Schedule of Actions.

Collectively, these lawsuits challenge virtually every aspect of the Firestone
recall, though taken separately, they often seek conflicting relief.  As a result, they threaten the
significant federal and public interests in conducting an orderly recall.  Already, a number of
courts have been presented with motions challenging some aspect of the recall.  For example,
one state court in Kentucky (in a suit in which Ford was not named) issued an *ex parte* temporary
restraining order imposing reimbursement requirements on the recall efforts.[1]

Specifically, these purported class actions assert multiple claims ranging from
fraud to strict liability to violation of state consumer protection statutes.  The lawsuits are
premised on plaintiffs' allegations that ATX, ATX II, and Wilderness tires manufactured by
Firestone, and used as original equipment on certain vehicles manufactured by Ford, are
defective.  More specifically, plaintiffs contend that the treads on the tires can separate from their
casings, leading to accidents.  (*See, e.g., Brookes* Compl. ¶¶ 17-18; *Sanders* Compl. ¶¶ 18, 20;
*Deitzler* Compl. ¶¶ 23-26.)

The named plaintiffs in all of the cases seek relief on behalf of a group of persons
purportedly affected by the alleged tire defect (*e.g.*, vehicle or tire purchasers or lessees (*see
Deitzler* Compl. ¶ 17 (purported class action)), or owners of vehicles with the allegedly defective
tires, or persons who incurred costs to replace such tires. (*See Sanders* Compl. ¶ 9 (purported
class action); *Center for Auto Safety, Inc.* Compl. "Prayer for Relief" ¶ B (consumer group

---

[1]      *See* Order, *Farkas v. Bridgestone/Firestone, Inc.,* Case No. 00-CI-5263 (Cir. Ct., Jefferson County,
Kentucky) (dated Aug. 18, 2000) (attached at Tab 1).

action).)  Moreover, the factual allegations underlying all of the actions are essentially the same. For example, all of the complaints allege that the tires in question are defective in some respect.[2] The complaints also generally identify the alleged defect as a tendency for the tire tread to separate from the tires or the tires' "casings."[3]  Several of the complaints further identify the alleged source of this defect as the absence of a "nylon cap" between the tires' steel belts and the rubber.[4]  In addition, many of the complaints assert that a recall has been conducted of some of the allegedly defective tires, and maintain that the scope of this recall was inadequate.[5]  As for relief, all of the complaints seek damages and/or some form of equitable relief.[6]

These cases are ideally suited for consolidation under Section 1407.  They present common, complex questions of fact, including the question whether class certification is appropriate, on which duplicative deposition and document discovery and motions practice will surely ensue.  Thus, consolidating the pretrial proceedings in these cases under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

*The Pending MDL Motion* – In response to the growing morass of redundant class actions, various parties have taken steps toward case coordination.

On August 15, 2000, the plaintiff in *Brookes v. Bridgestone/Firestone, Inc.*, Civ. A. No. 3-00-0756 (M.D. Tenn.), filed a motion with the MDL Panel to transfer certain federal class actions regarding Firestone tires to the U.S. District Court for the Middle District of

---

[2]     *See, e.g., Clarke* Compl. ¶ 6; *Kerner* Compl. ¶ 1; *Center for Auto Safety, Inc.* Compl. ¶ 1.

[3]     *See, e.g., Deitzler* Compl. ¶ 23; *Sanders* Compl. ¶ 20; *Brookes* Compl. ¶ 15.

[4]     *See, e.g., Brookes* Compl. ¶ 16; *Deitzler* Compl. ¶ 21; *Sanders* Compl. ¶ 19.

[5]     *See, e.g. Clarke* Compl. ¶ 14; *Kerner* Compl. ¶ 3; *Center for Auto Safety, Inc.* Compl. ¶ 1.

Tennessee or, in the alternative, to the U.S. District Court for the Southern District of Illinois for

coordinated treatment.  The *Brookes* plaintiffs have since made supplemental filings identifying

additional cases for inclusion in the MDL proceeding.

The plaintiffs in *Powell v. Bridgestone/Firestone, Inc.*, Civ A. No. 3:00-0750

(M.D. Tenn.) and in *Gustafson v. Bridgestone/Firestone, Inc.*, No. 3:00-CV612 (WDS) (S.D.

Ill.), filed separate memoranda in support of the motion (with a revised schedule of actions),

recommending transfer to the U.S. District Court for the Southern District of Illinois or, in the

alternative, the Middle District of Tennessee.

## ARGUMENT

I.     **THESE ACTIONS ARE APPROPRIATE FOR TRANSFER AND CONSOLIDATION FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407.**

In relevant part, 28 U.S.C. § 1407(a) specifies that this Panel may transfer and

consolidate two or more civil cases for coordinated pretrial proceedings upon a determination

(a) that the cases "involve[] one or more common questions of fact," (b) that the transfers would

further "the convenience of the parties and witnesses," and (c) that the transfers "will promote

the just and efficient conduct of [the] actions."  *Id.*  As explained below, the cases listed in

Ford's Schedule of Actions clearly meet these criteria and should be transferred and consolidated

for pretrial proceedings.

A.     **These Actions Involve One Or More Common Questions Of Fact.**

The actions at issue clearly meet the first requirement of § 1407(a) because they

"involv[e] one or more common questions of fact."  Each of the complaints asserts a claim that

the subject tires are defective and asserts additional liability on the part of Ford as the

---

[6]     *See, e.g., Gustafson.* First Am. Compl. "Prayer for Relief" ¶¶ B-E; *Knapp* Compl. "Prayer for Relief" ¶¶ 3-4; *Powell* Compl. "Prayer for Relief" ¶¶ B-E.

manufacturer of vehicles on which the tires were used as original equipment. In addition, the complaints generally assert that judicial intervention is necessary because the ongoing recall, which is supervised by NHTSA, is insufficient. Indeed, the complaints are so similar that many are verbatim copies of one another.[7]

The Panel has long recognized that product liability claims by consumers, especially claims made in putative class actions, are particularly well-suited for consolidation pursuant to Section 1407. *See, e.g., In re Suzuki Samurai Prods. Liab. Litig.*, No. 784, 1988 U.S. Dist. LEXIS 17014 at *2 (J.P.M.L. Nov. 29, 1988) (transfer ordered where "all actions are predicated on allegations that Suzuki Samurai automobiles suffer from a design defect that causes them to roll over under reasonably anticipated driving conditions"); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (transfer ordered where commonality of factual issues existed concerning design, testing, adequacy of warning, and existence of defect); *In re A.H. Robins Co., "Dalkon Shield" IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (transfer ordered where commonality of factual issues existed concerning design, testing, manufacture, labeling, and inspection); *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (transfer ordered where actions presented "complex common questions of fact . . . on the issue of liability for allegedly defective silicone gel breast implants"); *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (transfer ordered where common factual issues of "the overall design of [a product], . . . the state of knowledge within the industry of the risks involved with use [of the product], . . . and the alleged failure of defendants to warn adequately of those risks" were at issue).

---

[7]     *See, e.g., Flanagan v. Bridgestone/Firestone, Inc.*, Civil Action No. 00-8819 (S.D. Fla.); *Jacobs v. Bridgestone/Firestone, Inc.*, Civil Action No. 00-7267 (S.D. Fla.).

**B.** **Consolidation Of These Actions Will Serve The Convenience Of Parties And Witnesses.**

Consolidation of these actions will also satisfy the second criterion under Section 1407(a) – it will serve the "convenience of [the] parties and witnesses." Without consolidation, Ford will be subjected to myriad duplicative discovery demands, and witnesses will be subjected to wholly redundant depositions in each separate action. Consolidation would solve this problem by enabling a single judge to formulate a pretrial program that would minimize witness inconvenience and overall expense. *See Dalkon Shield*, 406 F. Supp. at 542 (transfer "necessary in order to prevent duplication of discovery and eliminate possibility of conflicting pretrial rulings"); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

**C.** **Consolidation Of These Actions Will Promote Just And Efficient Conduct Of The Actions.**

Consolidation of the pending actions will promote the third Section 1407(a) criterion – the just and efficient conduct of the actions – by preventing duplicative discovery and conflicting pretrial rulings and by facilitating consistent resolution of class action issues. These actions were apparently filed in response to the announcement on August 9, 2000 that certain ATX, ATX II, and Wilderness tires manufactured by Firestone were subject to a voluntary safety recall. The steady stream of putative class actions being filed in response to this announcement has yet to abate, and if the currently pending cases are transferred and consolidated, later-filed duplicative lawsuits could be expediently included as "tag-along" cases in an MDL proceeding. *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions).

7

1.    **Consolidation Of These Actions Will Prevent Duplicative Discovery And Conflicting Pretrial Rulings.**

The complaints in these actions contain virtually identical factual allegations. Where "an analysis of the complaints reveals a commonality of factual issues," transfer "is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings." *Dalkon Shield*, 406 F. Supp. at 542; *see also In re TMJ Implants Litig.*, 844 F. Supp. at 1554 (centralization "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re Silicone Gel Breast Implants*, 793 F. Supp. at 1100 (centralization necessary to "avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

Given the common allegations in the actions in question, extensive discovery will be duplicated absent consolidation of the actions.  Consolidation would eliminate repetitive and redundant depositions of Ford and Firestone employees who were involved in the design, manufacturing, and selection of Firestone tires.  Moreover, the various pretrial disputes likely to arise in these complicated high-stakes actions are likely to be the same in each case (*e.g.*, issues concerning the nature and scope of discovery and questions regarding privilege matters).

Consolidation will also ensure that the parties to these actions are not subject to inconsistent pretrial rulings regarding these various pivotal issues, always a critical consideration in determining whether cases should be consolidated under Section 1407.  *See In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543, 544 (J.P.M.L. 1971) (consolidation of two actions ordered because "consolidation will eliminate the likelihood of repetitive discovery in [certain] areas, serving the convenience of the parties and witnesses and furthering the just and efficient conduct of the litigation"); *Multi-Piece Rim*, 464 F. Supp. at 974 (consolidation necessary "to

prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning these common factual issues"); *In re First Nat'l Bank, Heavner, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings").

### 2.     Transfer Will Facilitate The Uniformity Of Class Action Treatment.

The risk of inconsistent pretrial rulings if these actions are not consolidated is especially troublesome when one considers that all of the actions essentially seek various forms of classwide relief, typically invoking Fed. R. Civ. P. 23 (or, in the removed cases, a state law equivalent).[8] The Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *see also In re TMJ Implants Litig.*, 844 F. Supp. at 1554 ("centralization necessary in order . . . to prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments)"); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("[s]ection 1407 centralization is especially important to ensure consistent treatment of the class action issues"); *In re Mutual*

---

[8]     *Center for Auto Safety, Inc. v. Bridgestone/Firestone, Inc.*, No. 1:00CV0211 (PLF) (D.D.C.), and *Public Remedies, Inc. v. Bridgestone/Firestone, Inc.*, No. C-00-3183 BZ (N.D. Cal.), are both representative actions which, although not technically subject to Fed. R. Civ. P. 23, also seek class-wide relief.

*Fund Sales Anti-Trust Litig.*, 361 F. Supp. 638, 639-40 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class determinations under [Fed. R. Civ. P. 23] is an important factor favoring transfer of all actions to a single district").

      Ford expects to contest strenuously any suggestion that the pending actions present any purported classes that may be afforded class treatment under the criteria set forth in Fed. R. Civ. P. 23. Because these cases are virtually identical, and the proposed classes overlapping, the arguments presented both for and against certification will presumably be the same. Thus, there will be a substantial possibility of inconsistent rulings on class certification and other class action-related issues if these cases are not consolidated, not to mention unnecessary duplication of effort by the parties and the courts. As discussed above, this potential for inconsistent class rulings amplifies the need to have a single judge oversee the class action issues. *See In re Cuisinart Food Processor*, 505 F. Supp. at 655.

### 3.    The Complexity Of The Pending Actions Warrants Transfer.

      The pending actions present complex factual issues and legal issues, such that transfer and consolidation are particularly desirable. *See* C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3863 ("In particularly large complex multidistrict class actions, it has been argued that it is especially important to order pretrial consolidation; this will enable a single judge to restructure 'disjointed actions into what can be termed a 'super class action'[, which] may be the only form in which the litigation can be handled by the judicial system.'") (citation omitted). Plaintiffs' allegations that the tires in question are defective rest on such complex factual questions as how tires should be engineered and how corporate procurement decisions should be made. Indeed, the complaints suggest that the various plaintiffs plan to delve into the state of the defendants' knowledge and intent about tire design at the time of manufacture and during the time of Ford's utilization of the tires on its vehicles. Moreover, it is clear that they

10

plan to inquire into the complex decision-making process of both Ford and Firestone with respect

to the recent tire recall.  Clearly, such approaches to litigating this case would involve broad

duplicative discovery demands and may raise intricate issues of state of mind and industry

practice, the complexity of which make this case well-suited for consolidation.  *See also In re*

*Cuisinart Food Processor*, 505 F. Supp. at 655 (holding that difficult issues surrounding class

certification warrant transfer).

## II.    THIS PANEL SHOULD TRANSFER THESE ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS.

Ford respectfully recommends that this Panel transfer these cases to the Northern

District of Illinois, Eastern Division, which is located in Chicago.  The Northern District is

central to the parties and counsel in the actions listed in the accompanying Schedule of Actions.

It is also central to the corporate headquarters of both defendants – Ford (Dearborn, Michigan)

and Firestone (Nashville, Tennessee) – and, therefore, many of the witnesses and documents that

will likely be involved in this matter.  Six of the purported tire class actions are currently pending

in that court, including four that are included in the accompanying Schedule of Actions.[9]

This Panel has held that the convenience of the parties and witnesses is an

important factor in its determination of where to transfer actions for consolidated multidistrict

litigation.  *See, e.g., In re Air Crash Disaster Near Coolidge, Ariz., on May 6, 1971*, 362 F. Supp.

572, 573 (J.P.M.L. 1973) (location of documents and anticipated witnesses important to

consolidation decision).  Here, given that the parties are not located in any one place, there is no

one location that should drive the Panel's decision; instead, the Panel should select a district that

---

[9]    *Benford v. Bridgestone/Firestone, Inc.*, No. 00 C 5406 (N.D. Ill. E.D.) (Leinenweber, J.); *Bruemmer v. Bridgestone/Firestone, Inc.*, No. 00C 5408 (N.D. Ill. E.D.) (Holderman, J.); *Grayson v. Bridgestone/Firestone, Inc.*, No. 00 C 5405 (N.D. Ill. E.D.) (Aspen, J.); *Trujillo v. Bridgestone/Firestone, Inc.*, No. 00 C 5407 (N.D. Ill. E.D.) (Kocoras, J.); *Powell v. Bridgestone/Firestone, Inc.*, No. 00 C 5432 (N.D. Ill. E.D.) (Moran, J.); *Zelenika v. Bridgestone/Firestone, Inc.*, No. 00 C 5013 (N.D. Ill. E.D.) (Kocoras, J.).

is central to all of the parties, documents, and witnesses. The Panel has previously noted the importance of selecting a central location. *See, e.g., In re Air Crash Near Van Cleve, Miss., on August 13, 1977*, 486 F. Supp. 926, 928 (J.P.M.L. 1980) (despite Mississippi's location as site of air disaster, Panel transferred actions to a court that "would be [a] more centrally located and easily accessible transferee forum than the Southern District of Mississippi").[10]

The Northern District is unquestionably centrally located. Ford has its headquarters in Dearborn, Michigan but also has its manufacturing facilities throughout the country, including in the Chicago area. Firestone has its headquarters in Nashville, Tennessee; it has manufacturing facilities throughout the country, including Decatur, Illinois where some of the subject tires were manufactured. Chicago is, of course, easily accessible by air travel and would, therefore, be convenient for all parties, counsel, and witnesses.

The Northern District is ideally suited as the transferee forum not only because it is centrally located, but also because several of the judges who have been assigned one or more of theses cases are experienced with MDL matters and well suited to handle this complex litigation. This Panel has indicated that where no single geographic focal point is obvious, the Panel should "look beyond the preferences of the parties in [its] search for a transferee judge with the ability and temperament to steer this complex litigation on a steady course that will be sensitive to the concerns of all parties." *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1101 (J.P.M.L. 1992); *see also In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) ("With respect to selection of the transferee district, we note that this is truly a nationwide litigation in which no

---

[10]     *See also In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) ("[B]ased upon our prior experience with class action antitrust litigation of this nature, additional lawsuits can be expected. And it is our conviction that as the suits proliferate Oklahoma City will be more of a central location to the litigation as a whole than Amarillo, Texas").

particular district or region emerges as the geographic center of gravity. . . . [W]e have directed our attention to meeting the obvious need for a transferee judge with the ability and temperament to manage this large and growing litigation in an efficient and expeditious manner").

For example, Chief Judge Aspen has previously handled several MDL proceedings. *In re Abbott Labs. Omniflox Prods. Liab. Litig.*, No. 94-C-2469, MDL No. 1004 (N.D. Ill.) (Aspen, J.); *In re Cenco Inc. Sec. Litig.*, No. 75-C-2227, MDL No. 291 (N.D. Ill.) (Aspen, J.). Likewise, Judge Kocoras has also previously supervised an MDL case and other complex litigation. *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94-C-897, MDL No. 997 (N.D. Ill.) (Kocoras, J.). In addition, it should be noted that Judge Kocoras was assigned the first federal case relating to this matter that was filed in federal court in Chicago, *see Zelenika v. Bridgestone/Firestone,* No. 00 C 5013 (N.D. Ill.), and he also has another related case, *see Trujillo v. Bridgestone/Firestone, Inc.*, No. 00 C 5407 (N.D. Ill.).

Several of the parties have suggested two other districts, but neither would be preferable to the Northern District of Illinois. The plaintiff in *Brookes v. Bridgestone/Firestone, Inc.,* CIV. A. No. 3:00-0756 (M.D. Tenn.), has suggested that this Panel transfer all cases to the Middle District of Tennessee (Nashville) or, in the alternative, to the Southern District of Illinois (East St. Louis). (*See* Plaintiff's Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407 (dated August 15, 2000), at 6.) The plaintiffs in *Powell v. Bridgestone/ Firestone, Inc.*, Civ. A. No. 3:00-0750 (M.D. Tenn.) and *Gustafson v. Bridgestone/Firestone, Inc.*, No. 3:00-CV612 (S.D. Ill.), have suggested the opposite – the Southern District of Illinois or, in the alternative, the Middle District of Tennessee. (*See Powell* Plaintiffs' Memorandum in Support of Transfer and Coordination or Consolidation under 28 U.S.C. § 1407 (dated Aug. 22, 2000), at 13-14; *Gustafson* Plaintiffs' Memorandum in Support of Transfer and Coordination or

13

Consolidation under 28 U.S.C. § 1407 (dated Aug. 18, 2000) at 11.)  In all cases, however, the

plaintiffs have merely suggested that the cases be transferred to the districts where they filed

their case to serve their own parochial interests.

Like many courts, the Northern District of Illinois has a substantial caseload, but

that load appears to be no worse (and in some respects may even be better) than the caseloads of

the Southern District of Illinois and the Middle District of Tennessee.  For example, according to

the Administrative Office of the U.S. Courts, the median time "from filing to disposition" in a

civil action in 1999 in the Northern District of Illinois was six (6) months.  In contrast, in both

the Southern District of Illinois and in the Middle District of Tennessee, the period was nine (9)

months.  *See* Administrative Office of the U.S. Courts, 1999 FEDERAL COURT MANAGEMENT

STATISTICS,  at 101 (table for the Northern District of Illinois), at 103 (table for the Southern

District of Illinois), at 96 (table for the Middle District of Tennessee) (attached at Tab 2).  The

number of "pending cases" per judge in the Northern District of Illinois was 373; in the Southern

District of Illinois, it was 336; and in the Middle District of Tennessee, it was 417.  *Id.*

The Northern District of Illinois would, therefore, be well situated – in light of its

central location, well-qualified Judges, pending cases, and workload – to handle this complex

litigation.

## CONCLUSION

For all the foregoing reasons, the consolidation of these cases, including many

overlapping putative class actions, would further "the convenience of [the] parties and witnesses

and [would] promote the just and efficient conduct of [the] actions."  28 U.S.C. § 1407(a).

Therefore, Ford respectfully requests that this Panel enter an order transferring the actions listed

14

in Ford's accompanying Schedule of Actions to the Northern District of Illinois for consolidated and coordinated pretrial proceedings.

Dated:  September 6, 2000

Respectfully submitted,

John H. Beisner
Stephen J. Harburg
John A. Rogovin
Martha Dye
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004-1109
(202) 383-5300

COUNSEL FOR FORD MOTOR
COMPANY

DC1:446261.1

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE BRIDGESTONE/FIRESTONE, INC.,)
ATX, ATXII AND WILDERNESS TIRES )
PRODUCTS LIABILITY LITIGATION )
                                 )

MDL Docket No. 1373

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SEP 11 2000

FILED
CLERK'S OFFICE

**RULE 7.2 (a)(ii) SCHEDULE OF ACTIONS**

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| **1st Cir.** | | | | | |
| Gasbarro, Eric E. | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the District of Rhode Island | Providence | 00-439 ML | The Hon. Mary Lisi |
| Kerner, Thomas J.; Martelli, Matthew | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the District of Massachusetts | Boston | 00-CV-11686 | The Hon. George A. O' Toole, Jr. |

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| Saccardo, George | Bridgestone/Firestone, Inc.; Ford Motor Co. | U.S. District Court for the District of Massachusetts | Boston | 00-11789 (GAO) | The Hon. George A. O'Toole, Jr. |
| **3rd Cir.** | | | | | |
| Dorian, Harry | Bridgestone/Firestone Inc; Ford Motor Company | U.S. District Court for the Eastern District of Pennsylvania | Philadelphia | 00-CV-4470 | The Hon. Jay C. Waldman |
| Lennon, Pete and Donnelly, Judith | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Eastern District of Pennsylvania | Philadelphia | 00-CV-4469 | The Hon. Jay C. Waldman |
| **4th Cir.** | | | | | |
| Deitzler, Kathe E.; Bright, Kenneth M.; Facemyer, Harold G.; Stuart, Cheryl A., Johnson, Ronald D. | Bridgestone Corporation; Bridgestone/Firestone, Inc.; The Firestone Tire and Rubber Co.; General Motors Corp.; Ford Motor Co.; Bert Wolfe Ford, Inc. | U.S. District Court for the Southern District of West Virginia | Huntington | 3:00-0722 | The Hon. Robert D. Staker |
| Parham, David Michael | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the District of South Carolina | Anderson | 6:00-2737-13 | The Hon. G. Ross Anderson |

2

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| Spied, Joan | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the District of Maryland | Northern | CCB 00-2653 | The Hon. Catherine C. Blake |
| **5th Cir.** | | | | | |
| Brick, John | Bridgestone/Firestone, Inc.; Ford Motor Company; Varsity Ford Lincoln/Mercury, Inc. | U.S. District Court for the Southern District of Texas | Houston | H-00-3050 | The Hon. Kenneth Hoyt |
| Garza, Cindy G. | Bridgestone/Firestone, Inc.; Ford Motor Company; and Spikes Motor Company, Inc. | U.S. District Court for the Southern District of Texas | McAllen | H-00-225 | The Hon. Ricardo H. Hinojosa |
| Qualey, Donita; Falk, Raymond; Clark, Charles | Bridgestone/Firestone, Inc.; Bohn Ford, Inc.; Bill Watson Ford, Inc. | U.S. District Court for the Eastern District of Louisiana | New Orleans | 00-2599 | The Hon. Ivan Lemelle |

3

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| **6th Cir.** | | | | | |
| Brookes, Martin | Bridgestone/Firestone, Inc.; Ford Motor Company; DOES 1-100, inclusive | U.S. District Court for the Middle District of Tennessee | Nashville | 3-00-0756 | The Hon. William J. Haynes, Jr. |
| Burkes, Jr., George R. | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Eastern District of Michigan | Southern | 00-73881 | The Hon. Paul D. Borman |
| Davison, Marie & Kipp | Ford Motor Corporation [sic] Bridgestone/Firestone, Inc. | U.S. District Court for the Middle District of Tennessee | Nashville | 3-00-0834 | The Hon. Aleta A. Trauger |
| Dovich, John; Monroe, Debbie | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Southern District of Ohio | Western | C-1-00-731 | The Hon. Herman Weber |
| Louridas, Michael | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Middle District of Tennessee | Nashville | 3-00-0833 | The Hon. Aleta A. Trauger |
| Hakker, Jennifer L. | Bridgestone/Firestone, Inc.; Ford Motor Co. | U.S. District Court for the Middle District of Tennessee | Nashville | 00-CV-0785 | The Hon. Aleta A. Trauger |

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| **7th Cir.** | | | | | |
| Benford, Martha K. and Harry C. III | Bridgestone/Firestone, Inc.;Bridgestone/Firestone Inc., Retail Division; Ford Motor Company | U.S. District Court for the Northern District of Illinois | Eastern | 00 C 5406 | The Hon. Harry D. Leinenweber |
| Bruemmer, Florence | Bridgestone/Firestone, Inc.; Ford Motor Company; DOES 1-100 | U.S. District Court for the Northern District of Illinois | Eastern | 00 C 5408 | The Hon. James F. Holderman |
| Grayson, Susan P.; Holt, Terry | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Northern District of Illinois | Eastern | 00 C 5405 | The Hon. Marvin E. Aspen |
| Mickunas, Dennis | Ford Motor Company; Bridgestone/Firestone, Inc. | U.S. District Court for the Central District of Illinois | Urbana | 00-2228 | The Hon. Michael McCuskey |
| Trujillo, Rodolfo; Greenberg, Roberta; Kusturiss, Carol D. | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the Northern District of Illinois | Eastern | 00 C 5407 | The Hon. Charles P. Kocoras |

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| **9th Cir.** | | | | | |
| Ford, Daryl L. | Ford Motor Company; Bridgestone Corp.; DOES 1-100 | U.S. District Court for the Southern District of California | San Diego | 00-CV-1766-JM (AJB) | The Hon. Jeffrey Miller |
| Public Remedies, Inc. | Bridgestone/Firestone, Inc.; Ford Motor Co.; DOES 1-200 | U.S. District Court for the Northern District of California | San Francisco | C-00-3183-(BZ) | The Hon. Bernard Zimmerman |
| **11th Cir.** | | | | | |
| Cruz, Leo; Johnson, Thomas | Ford Motor Co., and Bridgestone/Firestone, Inc. | U.S. District Court for the Southern District of Florida | Miami | 00-3180 | The Hon. Joan Lenard |
| Epstein, Joanne | Bridgestone/Firestone Inc.; Ford Motor Company | U.S. District Court for the Southern District of Florida | Ft. Lauderdale | 00-8820 | The Hon. William P. Dimitrouleas |
| Flanagan, John | Bridgestone/Firestone, Inc; Ford Motor Co.; DOES 1-100, inclusive | U.S. District Court for the Southern District of Florida | Miami | 00-CV-8819 | The Hon. Donald M. Middlebrooks |
| Jacobs, David | Bridgestone/Firestone, Inc.; Ford Motor Company; DOES 1-100, inclusive | U.S. District Court for the Southern District of Florida | Ft. Lauderdale | 00-7267 | The Hon. Wilkie D. Ferguson, Jr. |

| PLAINTIFFS | DEFENDANTS | COURT | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|---|
| Margolis, Jeffrey | Bridgestone/Firestone, Inc.; Ford Motor and Does1-100, inclusive | U.S. District Court for the Southern District of Florida | Dade | 00-3257 | The Hon. Frederico Moreno |
| Sanders, Kate | Bridgestone/Firestone, Inc.; Ford Motor Co.; and Does 1-100 | U.S. District Court for the Middle District of Florida | Ft. Myers | 2:00-CV-367-FTM-29D | The Hon. John E. Steele |
| **DC Cir.** | | | | | |
| Center for Auto Safety, Inc. | Bridgestone/Firestone, Inc.; Ford Motor Company | U.S. District Court for the District of Columbia | D.C. | 1:00CV02011 (PLF) | The Hon. Paul L. Friedman |

DC1:446225.1

7

1



ALL-STATE® LEGAL 800.222.0510   EDH   RECYCLED

NO. 00 CI 05263

JEFFERSON CIRCUIT COURT

DIVISION ( 3 )

JULIANNE FARKAS and
NICOLE PANG                                    PLAINTIFFS

v.        TEMPORARY RESTRAINING ORDER

BRIDGESTONE/FIRESTONE, INC.                    DEFENDANT

On the Motion of the Plaintiffs, pursuant to Rule 65.03 of the Kentucky Civil Rules for a Restraining Order, upon consideration of the Verified Complaint and Motion of Plaintiffs, and the Court having determined that:

1.    The Verified Complaint of Julianne Farkas, Nicole Pang, and all other similarly situated (hereinafter, "Plaintiffs"), Plaintiffs provide specific facts which show that Plaintiffs' rights are being or will be violated by the Defendant, Bridgestone/Firestone, Inc. (hereinafter "Defendant"), and that prior notice to Defendant that this Motion for a Restraining Order would be sought is unnecessary under the present circumstances because such notice is impracticable and futile given that this Complaint and Motion were prepared after the close of business on August 16, 2000;

2.    Plaintiffs will suffer immediate and irreparable harm and loss if Defendant is permitted to discontinue its reimbursements at midnight August 16, 2000;

3.    Plaintiffs have no adequate remedy at law; and

4.    Greater injury will be inflicted upon Plaintiffs by the denial of a restraining order than would be inflicted upon Defendant by the granting of such relief.

8

THEREFORE, IT IS HEREBY ORDERED AND DECREED that:

1.    A restraining order be issued immediately and that security in the amount *$500.00 tonight by check & a total of* of $ _5000.00_ be posted no later than the _17th_ day of August, 2000 *at 5:00 pm TBW*

2.    Pursuant to Rule 65.01, et seq., of the Kentucky Civil Rules, Defendant Bridgestone/Firestone, Inc. is enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant, until hearing and thereafter, and until further order of this Court, from discontinuing reimbursing customers who replaced their Subject Tires (as defined in the attached Motion) with competitors' tires.

3.    Plaintiffs are granted leave to commence discovery immediately in support of its motion for temporary injunction;

4.    Plaintiffs' motion for a temporary injunction will be heard at a time and date set by the Court;

5.    This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

DATE: August 16, 2000.

_____
JUDGE

*August 16, 2000*

*10:57 pm*

TENDERED BY:

_____
Timothy D. Lange
Benson Byrne & Risch, LLP
Suite 2150 One Riverfront Plaza
Louisville, Kentucky 40202
(502) 583-8373

A COPY
ATTEST: TONY MILLER, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY

ENTERED IN COURT

AUG 1 6 2000

TONY MILLER, CLERK

By _____ Deputy Clerk

9

2

ALL STATE® LEGAL  800 222 0510    E011    RECYCLED

## U.S. DISTRICT COURT -- JUDICIAL CASELOAD PROFILE

| ILLINOIS NORTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | NUMERICAL STANDING WITHIN U.S. CIRCUIT | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1999 | 1998 | 1997 | 1996 | 1995 | 1994 | | |
| **OVERALL CASELOAD STATISTICS** | Filings* | | 10,053 | 9,330 | 10,015 | 9,146 | 8,319 | 8,571 | | |
| | Terminations | | 9,918 | 9,192 | 9,358 | 8,403 | 8,038 | 8,267 | | |
| | Pending | | 8,196 | 8,228 | 8,135 | 7,538 | 6,973 | 7,238 | | |
| | Percent Change In Total Filings Current Year | Over Last Year... | | 7.7 | | | | | 20 | 1 |
| | | Over Earlier Years... | | | .4 | 9.9 | 20.8 | 17.3 | 28 | 1 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months** | | 33.2 | 31.7 | 23.0 | 15.1 | 5.8 | 39.0 | | |
| **ACTIONS PER JUDGESHIP** | **FILINGS** | Total | 457 | 424 | 455 | 416 | 378 | 390 | 37 | 2 |
| | | Civil | 431 | 404 | 435 | 396 | 357 | 367 | 23 | 2 |
| | | Criminal Felony | 26 | 20 | 20 | 20 | 21 | 23 | 89 | 7 |
| | Pending Cases | | 373 | 374 | 370 | 343 | 317 | 329 | 47 | 2 |
| | Weighted Filings** | | 435 | 409 | 440 | 411 | 387 | 378 | 47 | 3 |
| | 95% Confidence | Upper | 473 | 446 | 477 | 446 | 418 | 408 | | |
| | | Lower | 396 | 372 | 402 | 376 | 355 | 348 | | |
| | Terminations | | 451 | 418 | 425 | 382 | 365 | 376 | 40 | 4 |
| | Trials Completed | | 15 | 15 | 17 | 16 | 18 | 17 | 76 | 6 |
| **MEDIAN TIMES (MONTHS)** | From Filing to Disposition | Criminal Felony | 10.8 | 12.6 | 10.1 | 11.9 | 10.8 | 9.4 | 84 | 7 |
| | | Civil** | 6 | 6 | 5 | 5 | 5 | 5 | 7 | 1 |
| | From Filing to Trial** (Civil Only) | | 28 | 25 | 24 | 24 | 27 | 22 | 81 | 6 |
| **OTHER** | Number (and %) of Civil Cases Over 3 Years Old** | | 527 6.9 | 652 8.5 | 499 6.5 | 361 5.1 | 391 6.0 | 438 6.8 | 84 | 7 |
| | Average Number of Felony Defendants Filed per Case | | 1.7 | 1.6 | 1.8 | 1.8 | 1.9 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 39.23 | 42.69 | 42.13 | 49.53 | 41.17 | 38.62 | | |
| | | Percent Not Selected or Challenged | 34.5 | 35.3 | 34.9 | 43.1 | 34.7 | 37.0 | | |

**FOR NATIONAL PROFILE AND NATURE OF SUIT AND OFFENSE CLASSIFICATIONS SHOWN BELOW -- OPEN THE FOLD-OUT PAGE AT THE BACK COVER**

| 1999 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 9491 | 150 | 228 | 940 | 74 | 1575 | 1422 | 892 | 831 | 438 | 1878 | 18 | 1045 |
| Criminal* | 559 | 30 | 27 | 33 | 1 | 49 | 124 | ** | 24 | 153 | 4 | 41 | 73 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

101

## U.S. DISTRICT COURT -- JUDICIAL CASELOAD PROFILE

| ILLINOIS SOUTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | NUMERICAL STANDING WITHIN U.S. CIRCUIT | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1999 | 1998 | 1997 | 1996 | 1995 | 1994 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,607 | 1,624 | 1,659 | 1,653 | 1,576 | 1,516 | | |
| | Terminations | | 1,549 | 1,751 | 1,714 | 1,635 | 1,572 | 1,441 | | |
| | Pending | | 1,343 | 1,274 | 1,386 | 1,432 | 1,422 | 1,434 | | |
| | Percent Change In Total Filings Current Year | | Over Last Year... | -1.1 | | | | | 60 | 5 |
| | | | Over Earlier Years... | | -3.1 | -2.8 | 2.0 | 6.0 | 52 | 4 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | 1.5 | 19.0 | 22.0 | 12.0 | 12.7 | 24.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 402 | 406 | 415 | 413 | 394 | 379 | 56 | 6 |
| | | Civil | 334 | 335 | 378 | 367 | 340 | 337 | 59 | 6 |
| | | Criminal Felony | 68 | 71 | 37 | 46 | 54 | 42 | 34 | 2 |
| | Pending Cases | | 336 | 319 | 347 | 358 | 356 | 359 | 58 | 5 |
| | Weighted Filings** | | 407 | 452 | 395 | 388 | 424 | 365 | 57 | 5 |
| | 95% Confidence | Upper | 431 | 479 | 420 | 412 | 450 | 388 | | |
| | | Lower | 383 | 424 | 369 | 365 | 399 | 343 | | |
| | Terminations | | 387 | 438 | 429 | 409 | 393 | 360 | 63 | 6 |
| | Trials Completed | | 39 | 39 | 30 | 39 | 32 | 34 | 11 | 1 |
| MEDIAN TIMES (MONTHS) | From Filing to Disposition | Criminal Felony | 6.4 | 6.6 | 8.2 | 7.7 | 6.4 | 7.4 | 33 | 2 |
| | | Civil** | 9 | 10 | 8 | 9 | 8 | 8 | 28 | 4 |
| | From Filing to Trial** (Civil Only) | | 16 | 22 | 23 | 24 | 30 | 21 | 19 | 2 |
| OTHER | Number (and %) of Civil Cases Over 3 Years Old** | | 58 / 5.0 | 44 / 4.0 | 58 / 4.5 | 47 / 3.6 | 59 / 4.7 | 68 / 5.2 | 74 | 6 |
| | Average Number of Felony Defendants Filed per Case | | 1.5 | 1.6 | 1.7 | 1.7 | 1.8 | 1.7 | | |
| | Jurors | Avg. Present for Jury Selection | 36.97 | 31.42 | 32.89 | 38.23 | 44.20 | 36.26 | | |
| | | Percent Not Selected or Challenged | 38.6 | 34.0 | 27.2 | 40.4 | 39.2 | 31.7 | | |

**FOR NATIONAL PROFILE AND NATURE OF SUIT AND OFFENSE CLASSIFICATIONS SHOWN BELOW -- OPEN THE FOLD-OUT PAGE AT THE BACK COVER**

| 1999 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1335 | 33 | 125 | 407 | 17 | 61 | 74 | 85 | 291 | 6 | 157 | 3 | 76 |
| Criminal* | 264 | 7 | 3 | 32 | 9 | 4 | 145 | ** | 3 | 39 | 3 | 5 | 14 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

## U.S. DISTRICT COURT -- JUDICIAL CASELOAD PROFILE

| TENNESSEE MIDDLE | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | NUMERICAL STANDING WITHIN U.S. CIRCUIT | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1999 | 1998 | 1997 | 1996 | 1995 | 1994 | | |
| OVERALL CASELOAD STATISTICS | Filings* | 1,772 | 1,730 | 1,796 | 1,774 | 1,667 | 1,693 | | |
| | Terminations | 1,642 | 1,666 | 1,775 | 1,789 | 1,594 | 1,696 | | |
| | Pending | 1,669 | 1,547 | 1,484 | 1,467 | 1,489 | 1,431 | | |
| | Percent Change In Total Filings Current Year | Over Last Year... | 2.4 | | | | | | 48 | 2 |
| | | Over Earlier Years... | | -1.3 | -.1 | 6.3 | 4.7 | 56 | 6 |
| | Number of Judgeships | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | 9.0 | .0 | .0 | 1.8 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 443 | 433 | 449 | 444 | 417 | 423 | 48 | 5 |
| | | Civil | 394 | 394 | 413 | 408 | 389 | 378 | 37 | 5 |
| | | Criminal Felony | 49 | 39 | 36 | 36 | 28 | 45 | 58 | 6 |
| | Pending Cases | 417 | 387 | 371 | 367 | 372 | 358 | 32 | 4 |
| | Weighted Filings** | 477 | 437 | 453 | 411 | 370 | 401 | 32 | 2 |
| | 95% Confidence | Upper | 511 | 469 | 486 | 443 | 396 | 428 | | |
| | | Lower | 442 | 404 | 421 | 380 | 343 | 374 | | |
| | Terminations | 411 | 417 | 444 | 447 | 399 | 424 | 48 | 7 |
| | Trials Completed | 32 | 33 | 35 | 41 | 34 | 31 | 16 | 1 |
| MEDIAN TIMES (MONTHS) | From Filing to Disposition | Criminal Felony | 9.3 | 9.1 | 8.7 | 8.0 | 8.1 | 6.8 | 80 | 8 |
| | | Civil** | 9 | 8 | 7 | 8 | 8 | 9 | 28 | 3 |
| | From Filing to Trial** (Civil Only) | 25 | 21 | 20 | 15 | 17 | 24 | 75 | 9 |
| OTHER | Number (and %) of Civil Cases Over 3 Years Old** | 73 | 60 | 55 | 61 | 88 | 88 | 73 | 8 |
| | | 4.9 | 4.3 | 4.1 | 4.5 | 6.3 | 6.8 | | |
| | Average Number of Felony Defendants Filed per Case | 1.6 | 1.5 | 1.7 | 1.5 | 1.4 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 22.35 | 26.92 | 22.38 | 23.26 | 26.23 | 27.46 | | |
| | | Percent Not Selected or Challenged | 7.0 | 13.8 | 10.2 | 17.8 | 22.8 | 21.7 | | |

**FOR NATIONAL PROFILE AND NATURE OF SUIT AND OFFENSE CLASSIFICATIONS SHOWN BELOW -- OPEN THE FOLD-OUT PAGE AT THE BACK COVER**

| 1999 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1576 | 97 | 73 | 344 | 40 | 24 | 191 | 133 | 149 | 39 | 373 | 2 | 111 |
| Criminal* | 188 | 2 | 12 | 30 | 2 | 11 | 48 | ** | 11 | 47 | 1 | 10 | 14 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

96

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SEP 11 2000

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, INC., ATX, ATXII AND WILDERNESS TIRES PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1373 |

## FORD MOTOR COMPANY'S PROOF OF SERVICE BY MAIL

       I am a citizen of the United States and employed in the District of Columbia. I

am over the age of eighteen years and not a party to the within-entitled action. My business

address is 555 13th Street, N.W., Washington, D.C. 20004-1109. On February 1, 2000, I served

the within documents:

      (1) Ford Motor Company's Response To Plaintiff's Motion For Transfer And
      Coordination Or Consolidation Under 28 U.S.C. § 1407;

      (2) Ford Motor Company's Motion For Transfer And Coordination Or Consolidation
      Pursuant To 28 U.S.C. § 1407;

      (3) Memorandum Of Ford Motor Company In Response To Plaintiff's Motion For
      Transfer And Consolidation Or Coordination Pursuant To 28 U.S.C. 1407 And In
      Support Of Ford's Motion For Transfer And Coordination Or Consolidation Pursuant To
      28 U.S.C. § 1407 [with exhibits]; and

      (4) Rule 7.2(a)(ii) Schedule of Actions

on all interested parties in this action (see attached service list) by placing the document(s) listed

above in a sealed envelope with postage thereon fully prepaid, in the United States mail at

Washington, D.C. I further certify pursuant to R.P.J.P.M.L. 5.2(b) that copies of items 2-4 have

been delivered for filing to the clerk of each district court in which an action is pending that will be affected by Ford Motor Company's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407.

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 6, 2000 at Washington, D.C.



_____
Martha Dye

DC1:446226.1

| PARTY | PARTY'S COUNSEL |
|---|---|
| Benford, Martha K. and Harry C. III | Kenneth B. Moll<br>Hal J. Kleinman<br>Ted A. Rzeszewski<br>Kenneth B. Moll & Associates, Ltd., Three First National Plaza<br>54th Floor<br>Chicago, IL 60602<br>(312/558-6444) |
| Brick, John | Robert Ammons<br>Stevenson & Ammons<br>3700 Montrose Blvd.<br>Houston, TX 77006<br>(713/523-3030)<br>(713/523-3030) |
| Brookes, Martin | George Barrett, Douglas S. Johnston, Jr. - Barrett, Johnston & Parsley, 217 Second Avenue North, Nashville, TN 37201 (615/244-2202);<br><br>Robert S. Green, Mark J. Tamblyn – Girard & Green, LLP, 160 Sansome Street, Suite 300, San Francisco, CA 94104 (415/981-4800) |
| Bruemmer, Florence | William Bogot; Clinton Krislov - Krislov & Associates, Ltd., 20 North Wacker Drive, Suite 1350, Chicago, IL 60606 (312/606-0500) |
| Burkes, Jr., George R. | Keith M. Fleischman, Salvatore J. Graziano, J. Douglas Richards, Cary L. Talbot, Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, NY 10119 (212/594-5300)<br><br>Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., 1500 Walnut Street, Suite 600, Philadelphia, PA 19102 (215/561-3600) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Patrick E. Cafferty, Andrew J. Morganti - Miller Faucher and Cafferty LLP, 101 North Main Street, Suite 885, Ann Arbor, Michigan 48104 (734/769-2144) |
| Carrillo, Gabriel as Personal Representative of the Estate of Maria Carrillo, and individually and on behalf of Crystal Carrillo, Nora Carrillo, and Gabriel Carrillo, Jr., minor children | Robert C. Josefberg, Victor M. Diaz, Jr. - Podhurst, Orsbeck, Josefberg, Eaton, Meadow, Olin & Perwin, PA, 25 W. Flagler St., 800 City National Bank Bldg., Miami, FL 33130 (305) 358-2800 |
| Center for Auto Safety, Inc. | Michael Hausfeld; Gary E. Mason; Alexander E. Barnett – Cohen, Milstein, Hausfeld & Toll, PLLC, West Tower, Suite 500, 1100 New York Avenue, N.W., Washington, D.C. 20005-3964 (202/408-4600) <br><br> Jonathan W. Cuneo; Daniel Cohen – Cuneo Law Group, 317 Mass. Ave., N.E., Suite 300, Washington, D.C. 20002 (202/789-3960) <br><br> Michael Kido - Center for Auto Safety, 1825 Conn. Ave., N.W., Suite 330, Washington, D.C. 20009 (202/328-7700) |
| Clarke, Margaret | Steve P. Gregory , Dice & Gregory, LLC, 2824 Seventh Street Tuscaloosa, AL 35401 (205) 758-2824 (205) 758-4538 (fax) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Michael Straus, Esq.<br>Bainbridge & Straus<br>2210 Second Avenue North<br>Birmingham, AL 35203<br>(205) 324-3800<br>(205) 328-3996 (fax)<br><br>Michael Hamilton, Lee D.<br>Anderson – Provost Umphrey<br>Law Firm LLP<br>631 Woodland Street<br>Nashville, TN 37206<br>(615) 242-0199<br>(615) 256-5922 |
| Cruz, Leo; Johnson, Thomas | D. Michael Campbell –<br>Campbell & Denes, 6100 S.W.<br>76 Street, Miami, FL 33143<br>(305/666-3820) |
| Davison, Marie & Kipp | James G. Stranch III –<br>Branstetteer, Kilgore, Stranch &<br>Jennings, 227 2nd Avenue<br>North, 4th Floor, Nashville, TN<br>37201-1631<br>(615/254-8801)<br>(615/255-5419) (fax)<br><br>Jeff Thompson - Williams<br>Bailey Law Firm, 8441 Gulf<br>Freeway, Suite 600, Houston,<br>TX 77017<br>(713/230-2200)<br>(713/643-6226) (fax)<br><br>Daniel J. Petroski, Jr. -<br>Vahldiek, Cano, Grayson,<br>Hovenkamp & Petroski, 3850<br>One Houston Center, 1221<br>McKinney, Housotn, TX 77010<br>(713/650-3200)<br>(713/650-0251) (fax) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Michael Jolly, 1018 Preston, 4th Floor, Houston, TX 77002-1823 (713/237-8383) (713/237-8385) (fax) |
| Deitzler, Kathe E.; Bright, Kenneth M.; Facemyer, Harold G.; Stuart, Cheryl A.; Johnson, Ronald D. | Anthony J. Majestro, Masters & Taylor, 181 Summers Street, Charleston, WV 25301 (304/342-3106) |
| de Ramirez, Maria Angeles C.; Carrillo, Jorge; Carrillo, Fernando individually and as Personal Representatives of the Estate of Rosa Nieto | Robert C. Josefberg, Victor M. Diaz, Jr. - Podhurst, Orsbeck, Josefberg, Eaton, Meadow, Olin & Perwin, PA, 25 W. Flagler St., 800 City National Bank Bldg., Miami, FL 33130 (305) 358-2800 |
| Dorian, Harry | Eugene A. Spector Jeffrey L. Kodroff Howard C. Gottlieb Spector, Roseman & Kodroff, P.C. 1818 Market Street Suite 2500 Philadelphia, PA 19103 (215) 496-0300 |
| Dovich, John; Monroe, Debbie | Stanley M. Chesley, Terrence L. Goodman, James F. Keller – Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Fourth & Vine Streets, Cincinatti, OH 45202 (513) 621-0267 (513) 681-2375 (fax)<br><br>Carl Frankovitch – Frankovitch, Anelakis, Colantonlo & Simon, 21 12th St., Wheeling, WV (304) 723-4400 (304) 723-5892 (fax) |
| Epstein, Joanne | Kenneth Vianale - Milberg Weiss Bershad Hynes & Lerach |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | LLP, The Plaza 5355 Town Center Road, Suite 900, Boca Raton, FL 33486 (561/361-5000) (561/367-8400) (fax) |
| Flanagan, John | C. Oliver Burt, Wendy H. Zoberman – Burt & Pucillo, LLP, Northbridge Centre, Suite 1701, 515 North Flagler Drive, West Palm Beach, FL 33401 (561/835-9400) (561/835-0322) (fax)<br><br>Mark C. Gardy, Nancy Kaboolian – Abbey, Gardy, Squitieri, LLP, 212 East 39th Street, New York, NY 10016 (212/889-3700) (212/684-5191) (fax)<br><br>James Bashian – Law Offices of James V. Bashian, P.C., 500 Fifth Avenue, Suite 2700, New York, NY 10110 (212/921-4110) |
| Ford, Daryl L. | Howard D. Finkelstein, Jeffrey Krinsk, Arthur L. Shingler - Finkelstein & Krinsk, 501 West Broadway, Suite 1250, San Diego, CA 92101 (619/238-1333) (619/238-5425) (fax)<br><br>Law Office of Alfred G. Yates, Jr., 519 Allegheny Building, 429 Forbes Avenue, Pittsburgh, PA 15219-1649 (412/391-5164) (512/471-1033) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Garza, Cindy G. | Michael A. Caddell – Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027 (713/751-0400) (713/751-0906)<br><br>Ezequiel Reyna, Jr., Juan Rocha - Law Offices of Ezequiel Reyna, Jr., 702 W. Expressway 83, Weslaco, TX 78596 (956/968-9556) (956/969-0492) (fax)<br><br>Cynthia B. Chapman, Joe Phillips - Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027 (713/751-0400) (713/751-0906) (fax) |
| Gasbarro, Eric E. | Law offices of Peter N. Wasylyk 1307 Chalkstone Avenue, Providence, RI 02908 (401/831-7730) (401/861-6064 ) (fax)<br><br>Finkelstein & Krinsk 501 W. Broadway, Suite 1250, San Diego, CA 92101 (619/238-1333) (619/238-5425) (fax) |
| Grayson, Susan P.; Holt, Terry | Lora E. Minichillo, Daniel J. Boelker, Daniel J. Neppl – Schwartz & Friedman, 401 North Michigan Avenue, Suite 1900, Chicago, IL 60611 (312/222-0800) |
| Gustafson, Gary; Devening, Michael; Wehking, William; Wehking, Kathleen, et al. | Elizabeth Cabraser, Jonathan D. Selbin - Lieff, Cabraser, Heimann & Bernstein, 275 Battery St., 30th Floor, San |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Francisco, CA 94111<br>(415) 956-1000<br>(415) 956-1008 (fax)<br><br>Gregory S. Jones - Hodson, Jones & Pennock, LTD., Marion County, 140 South Poplar, P.O. Box U, Centralia, IL 62801<br>(618) 532-7353 |
| Hakker, Jennifer L. | Keith M. Fleischman; Salvatore J. Graziano; J. Douglas Richard; Cary L Talbot – Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, NY 10119<br>(212/594-5300)<br><br>Stephen A. Weiss; Christopher A. Seeger, Seth A. Katz – Seeger Weiss LLP, One William Street, New York, NY 10004<br>(212/584-0700)<br><br>Stanley M. Chernau – Chernau, Chaffin & Burnsed, PLLC, SunTrust Center, Suite 1750, 424 Church Street, Nashville, TN 37219 (615/244-5480) |
| Jacobs, David | G. Oliver Burt, III – Burt & Pucillo, LLP, Northbridge Centre, Suite 1701, 515 North Flagler Drive, West Palm Beach, FL 33401<br>(561/835-9400)<br><br>Nancy Kaboolian, Mark C. Gardy – Abby, Gardy & Squiteri, LLP, 212 East 39th Street, NY NY 10016<br>(212/889-3700) |
| Kerner, Thomas J.; and Martelli, | David Pastor , Daniel D'Angelo |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Matthew | Gilman and Pastor, LLP, Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, MA 01906 (781/231-7850) |
| Kellerman Woodworks, L.L.C. and John Sommers | Frank Tomeny III Tomeny & Fisher 6709 Perkins Road Baton Rouge, LA 70808 (225) 767-8333 (225) 767-5947 (fax) |
| Knapp, Greyson | David W. Showalter, Law Offices of David W. Showalter 5231 Bellaire Blvd., Bellaire, TX 77401-3901 (713) 660-0491 (713)660-0493 (fax) |
| Lennon, Pete and Donnelly, Judith | Law Offices of Robert W. Sink 1417 Crosby Drive Ft. Washington, PA 19034 (215/646-3982)  Law Offices of Robert T. Gibson, 319 West Front Street, Media, PA 19063 (610/566-0800)  Law Offices of Kenneth A Jacobsen, 22 West Front Street, Media, PA 19063 (610-566-7930)  Law Offices of Francis J. Farine, 577 Gregory Lane, Devon, PA 19333 (610-695-9007) |

| PARTY | PARTY'S COUNSEL |
|-------|-----------------|
| Lourdas, Michael | Stanley M. Chernau- Chernau, Chaffin & Burnsed, PPLC, SunTrust Center, Suite 1750, 424 Church Street, Nashville, TN 37219 (615/244-5480) |
| | Keith M. Fleischman, Salvatore J. Graziano, J. Douglas Richards, Cary Talbot - Milberg Weiss Bershad Hynes & Lerach LLP, One Penn. Plaza, NY NY 10119 (212/594-5300) |
| Margolis, Jeffrey | Deborah Gross - Law Offices of Bernard M. Gross, P.C., 1500 Walnut Street, Philadelphia, PA 19102 (215/561-3600) |
| Mickunas, Dennis | Darren C. Blum, P.A. Law Offices of Darren C. Blum, 4421 Hollywood Blvd., Suite 300, Hollywood, FL 33021 (954/985-1602) |
| Monson | Joseph W. Phebus – Phebus & Winkelmann, 136 West Main Street, Urbana, Ill. 61801 (217/337-1400) |
| Parham, David Michael | Thomas S. Watrous, Esq.- Watrous & Reardon, 3733 Eubank Blvd., NE, Albuquerque, NM 87111-3536 David M. Parham, Pro Se and as attorney for the class - Parham and Smith, LLC, 501 River Street, 2nd Floor, Smith Barney Building, P.O. Box 2800, Greenville, SC 29601 (864/242-9008) |
| Powell, James | Gordon Ball Suite 750 Bank of America Center 550 Main Street, Knoxville, TN |

DC1:446266.1

| PARTY | PARTY'S COUNSEL |
|---|---|
| | 37902 (865) 525-7028 |
| Public Remedies, Inc. | Law Offices of Brewster Fong, 2336 9th Avenue, San Francisco, CA 94116 (415/242-1062) (415/242-1062)(fax) |
| Qualey, Donita; Falk, Raymond; Clark, Charles | James Minge & Assoc. – 1810 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163-2600 (504/525-5555) (504/585-7733)<br><br>Richard L. Root, Betsy J. Barnes - Barnes & Root, LLC – 631 St. Charles Avenue, New Orleans, LA 70130 (504/568-0077)<br><br>Law Offices of Darleen Jacobs – 823 St. Louis Street, New Orleans, LA 70112 (504/522-0155) |
| Saccardo, George | Douglas M. Brooks – Martland and Brooks, L.L.P., Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, MA 01906 (781/231-7811) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Sanders, Kate | Mary Pat Viles, Marcus W. Viles - Viles Law Firm, P.A., 2075 West First Street, Suite 100, Fort Myers, FL 33901 (941/334-3933)<br><br>Michael D. Hausfeld, Gary E. Mason, Alexander E. Barnett - Cohen, Milstein Hausfeld & Toll, 1100 New York Avenue, N.W., West Tower, Suite 500, Washington, D.C. 20005 (202/408-4600) |
| Spied, Joan | Charles J. Piven, Marshall N. Perkins – Law Offices of Charles J. Piven, P.A., The World Trade Center – Baltimore, Suite 2525, 401 East Pratt Street, Baltimore, MD 21202 (410/332-0030)<br><br>Fred Taylor Isquith, Gregory M. Nespole – Wolf, Halderstein, Adler, Freeman & Herz, L.L.P., 270 Madison Avenue, NY NY 10016 (212/545-4600) |
| Trujillo, Rodolfo, Greenberg, Roberta; Kusturiss, Carol D. | Marvin A. Miller, Matthew E. Van Tine, Lori A. Fanning – Miller, Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, IL 60602 (312/782-4880)<br><br>Burton H. Finkelstein, Shannon P. Keniry – Finkelstein, Thompson & Loughran, 1-55 Thomas Jefferson Street, N.W., Suite 601, Washington, D.C. 20007 (202/337-8000) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Steven A. Schwartz – Chimicles & Tikellis LLP, One Haverford Centre, Haverford, PA 19041 (610/642-8500)<br><br>Lawrence Sucharow, Bernard Persky, Barbara J. Hart – Goodkind Labaton Rudoff & Sucharow LLP, 100 Park Avenue, NY NY 10017 (212/907-0700) |
| Veytia, Carol individually and as Next Friend of John Couch and Representative of the Estate of Priscilla Couch; and Guardiola, Gabriel individually and as Representative of the Estate of Abraham Guardiola | Elizabeth Sutherland Janicek Law Offices of Maloney & Maloney 115 East Travis, suite 2000, San Antonio, TX 78205 (210) 227-2000 |
| Bridgestone/Firestone, Inc. & The Firestone Tire & Rubber Company | Mark Herrmann Jones, Day, Reavis & Pogue, North Point, 901 Lakeside Avenue, Cleveland, OH  44114-1190 |

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

SEP 11 2000

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, INC., ATX, ATXII AND WILDERNESS TIRES PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1373 |

## FORD MOTOR COMPANY'S PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in the District of Columbia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 13th Street, N.W., Washington, D.C. 20004-1109. On September 6, 2000, I served the within documents:

(1) Ford Motor Company's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407;

(2) Memorandum Of Ford Motor Company In Response To Plaintiff's Motion For Transfer And Consolidation Or Coordination Pursuant To 28 U.S.C. 1407 And In Support Of Ford's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407 [with exhibits]; and

(3) Rule 7.2(a)(ii) Schedule of Actions

on all interested parties in this action (see attached service list) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Washington, D.C. I further certify pursuant to R.P.J.P.M.L. 5.2(b) that copies of these items have been delivered for filing to the clerk of each district court in which an action is pending that

DC1:446571.1

will be affected by Ford Motor Company's Motion For Transfer And Coordination Or Consolidation Pursuant To 28 U.S.C. § 1407. A list of the names and addresses of these district courts is attached.

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 6, 2000 at Washington, D.C.

_____
Martha Dye

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2000 SEP -8  A 11: 51

RECEIVED
CLERK'S OFFICE

| PARTY | PARTY'S COUNSEL |
|---|---|
| Benford, Martha K. and Harry C. III | Kenneth B. Moll<br>Hal J. Kleinman<br>Ted A. Rzeszewski<br>Kenneth B. Moll & Associates, Ltd., Three First National Plaza 54th Floor<br>Chicago, IL 60602<br>(312/558-6444) |
| Brick, John | Robert Ammons<br>Stevenson & Ammons<br>3700 Montrose Blvd.<br>Houston, TX 77006<br>(713/523-3030)<br>(713/523-3030) |
| Brookes, Martin | George Barrett, Douglas S. Johnston, Jr. - Barrett, Johnston & Parsley, 217 Second Avenue North, Nashville, TN 37201 (615/244-2202);<br><br>Robert S. Green, Mark J. Tamblyn – Girard & Green, LLP, 160 Sansome Street, Suite 300, San Francisco, CA 94104 (415/981-4800) |
| Bruemmer, Florence | William Bogot; Clinton Krislov - Krislov & Associates, Ltd., 20 North Wacker Drive, Suite 1350, Chicago, IL 60606 (312/606-0500) |
| Burkes, Jr., George R. | Keith M. Fleischman, Salvatore J. Graziano, J. Douglas Richards, Cary L. Talbot, Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, NY 10119 (212/594-5300)<br><br>Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., 1500 Walnut Street, Suite 600, Philadelphia, PA 19102 (215/561-3600) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Patrick E. Cafferty, Andrew J. Morganti - Miller Faucher and Cafferty LLP, 101 North Main Street, Suite 885, Ann Arbor, Michigan 48104 (734/769-2144) |
| Carrillo, Gabriel as Personal Representative of the Estate of Maria Carrillo, and individually and on behalf of Crystal Carrillo, Nora Carrillo, and Gabriel Carrillo, Jr., minor children | Robert C. Josefberg, Victor M. Diaz, Jr. - Podhurst, Orsbeck, Josefberg, Eaton, Meadow, Olin & Perwin, PA, 25 W. Flagler St., 800 City National Bank Bldg., Miami, FL 33130 (305) 358-2800 |
| Center for Auto Safety, Inc. | Michael Hausfeld; Gary E. Mason; Alexander E. Barnett – Cohen, Milstein, Hausfeld & Toll, PLLC, West Tower, Suite 500, 1100 New York Avenue, N.W., Washington, D.C. 20005-3964 (202/408-4600) Jonathan W. Cuneo; Daniel Cohen – Cuneo Law Group, 317 Mass. Ave., N.E., Suite 300, Washington, D.C. 20002 (202/789-3960) Michael Kido - Center for Auto Safety, 1825 Conn. Ave., N.W., Suite 330, Washington, D.C. 20009 (202/328-7700) |
| Clarke, Margaret | Steve P. Gregory , Dice & Gregory, LLC, 2824 Seventh Street Tuscaloosa, AL 35401 (205) 758-2824 (205) 758-4538 (fax) |

| PARTY | PARTY'S COUNSEL |
|---|---|
|  | Michael Straus, Esq.<br>Bainbridge & Straus<br>2210 Second Avenue North<br>Birmingham, AL 35203<br>(205) 324-3800<br>(205) 328-3996 (fax)<br><br>Michael Hamilton, Lee D.<br>Anderson – Provost Umphrey<br>Law Firm LLP<br>631 Woodland Street<br>Nashville, TN 37206<br>(615) 242-0199<br>(615) 256-5922 |
| Cruz, Leo; Johnson, Thomas | D. Michael Campbell –<br>Campbell & Denes, 6100 S.W.<br>76 Street, Miami, FL 33143<br>(305/666-3820) |
| Davison, Marie & Kipp | James G. Stranch III –<br>Branstetteer, Kilgore, Stranch &<br>Jennings, 227 2nd Avenue<br>North, 4th Floor, Nashville, TN<br>37201-1631<br>(615/254-8801)<br>(615/255-5419) (fax)<br><br>Jeff Thompson - Williams<br>Bailey Law Firm, 8441 Gulf<br>Freeway, Suite 600, Houston,<br>TX 77017<br>(713/230-2200)<br>(713/643-6226) (fax)<br><br>Daniel J. Petroski, Jr. -<br>Vahldiek, Cano, Grayson,<br>Hovenkamp & Petroski, 3850<br>One Houston Center, 1221<br>McKinney, Housotn, TX 77010<br>(713/650-3200)<br>(713/650-0251) (fax) |

| PARTY | PARTY'S COUNSEL |
|---|---|
|  | Michael Jolly, 1018 Preston, 4th Floor, Houston, TX 77002-1823 (713/237-8383) (713/237-8385) (fax) |
| Deitzler, Kathe E.; Bright, Kenneth M.; Facemyer, Harold G.; Stuart, Cheryl A.; Johnson, Ronald D. | Anthony J. Majestro, Masters & Taylor, 181 Summers Street, Charleston, WV 25301 (304/342-3106) |
| De Ramirez, Maria Angeles C.; Carrillo, Jorge; Carrillo, Fernando individually and as Personal Representatives of the Estate of Rosa Nieto | Robert C. Josefberg, Victor M. Diaz, Jr. - Podhurst, Orsbeck, Josefberg, Eaton, Meadow, Olin & Perwin, PA, 25 W. Flagler St., 800 City National Bank Bldg., Miami, FL 33130 (305) 358-2800 |
| Dorian, Harry | Eugene A. Spector Jeffrey L. Kodroff Howard C. Gottlieb Spector, Roseman & Kodroff, P.C. 1818 Market Street Suite 2500 Philadelphia, PA 19103 (215) 496-0300 |
| Dovich, John; Monroe, Debbie | Stanley M. Chesley, Terrence L. Goodman, James F. Keller – Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Fourth & Vine Streets, Cincinatti, OH 45202 (513) 621-0267 (513) 681-2375 (fax)<br><br>Carl Frankovitch – Frankovitch, Anelakis, Colantonlo & Simon, 21 12th St., Wheeling, WV (304) 723-4400 (304) 723-5892 (fax) |
| Epstein, Joanne | Kenneth Vianale - Milberg Weiss Bershad Hynes & Lerach |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | LLP, The Plaza 5355 Town Center Road, Suite 900, Boca Raton, FL 33486 (561/361-5000) (561/367-8400) (fax) |
| Flanagan, John | C. Oliver Burt, Wendy H. Zoberman – Burt & Pucillo, LLP, Northbridge Centre, Suite 1701, 515 North Flagler Drive, West Palm Beach, FL 33401 (561/835-9400) (561/835-0322) (fax)

Mark C. Gardy, Nancy Kaboolian – Abbey, Gardy, Squitieri, LLP, 212 East 39th Street, New York, NY 10016 (212/889-3700) (212/684-5191) (fax)

James Bashian – Law Offices of James V. Bashian, P.C., 500 Fifth Avenue, Suite 2700, New York, NY 10110 (212/921-4110) |
| Ford, Daryl L. | Howard D. Finkelstein, Jeffrey Krinsk, Arthur L. Shingler - Finkelstein & Krinsk, 501 West Broadway, Suite 1250, San Diego, CA 92101 (619/238-1333) (619/238-5425) (fax)

Law Office of Alfred G. Yates, Jr., 519 Allegheny Building, 429 Forbes Avenue, Pittsburgh, PA 15219-1649 (412/391-5164) (512/471-1033) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Garza, Cindy G. | Michael A. Caddell – Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027 (713/751-0400) (713/751-0906)<br><br>Ezequiel Reyna, Jr., Juan Rocha - Law Offices of Ezequiel Reyna, Jr., 702 W. Expressway 83, Weslaco, TX 78596 (956/968-9556) (956/969-0492) (fax)<br><br>Cynthia B. Chapman, Joe Phillips - Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027 (713/751-0400) (713/751-0906) (fax) |
| Gasbarro, Eric E. | Law offices of Peter N. Wasylyk 1307 Chalkstone Avenue, Providence, RI  02908 (401/831-7730) (401/861-6064 ) (fax)<br><br>Finkelstein & Krinsk 501 W. Broadway, Suite 1250, San Diego, CA  92101 (619/238-1333) (619/238-5425) (fax) |
| Grayson, Susan P.; Holt, Terry | Lora E. Minichillo, Daniel J. Boelker, Daniel J. Neppl – Schwartz & Friedman, 401 North Michigan Avenue, Suite 1900, Chicago, IL 60611 (312/222-0800) |
| Gustafson, Gary; Devening, Michael; Wehking, William; Wehking, Kathleen, et al. | Elizabeth Cabraser, Jonathan D. Selbin - Lieff, Cabraser, Heimann & Bernstein, 275 Battery St., 30th Floor, San |

| PARTY | PARTY'S COUNSEL |
|---|---|
|  | Francisco, CA 94111<br>(415) 956-1000<br>(415) 956-1008 (fax)<br><br>Gregory S. Jones - Hodson, Jones & Pennock, LTD., Marion County, 140 South Poplar, P.O. Box U, Centralia, IL 62801<br>(618) 532-7353 |
| Hakker, Jennifer L. | Keith M. Fleischman; Salvatore J. Graziano; J. Douglas Richard; Cary L Talbot – Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, NY 10119<br>(212/594-5300)<br><br>Stephen A. Weiss; Christopher A. Seeger, Seth A. Katz – Seeger Weiss LLP, One William Street, New York, NY 10004<br>(212/584-0700)<br><br>Stanley M. Chernau – Chernau, Chaffin & Burnsed, PLLC, SunTrust Center, Suite 1750, 424 Church Street, Nashville, TN 37219 (615/244-5480) |
| Jacobs, David | G. Oliver Burt, III – Burt & Pucillo, LLP, Northbridge Centre, Suite 1701, 515 North Flagler Drive, West Palm Beach, FL 33401<br>(561/835-9400)<br><br>Nancy Kaboolian, Mark C. Gardy – Abby, Gardy & Squiteri, LLP, 212 East 39th Street, NY NY 10016<br>(212/889-3700) |
| Kerner, Thomas J.; and Martelli, | David Pastor , Daniel D'Angelo |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Matthew | Gilman and Pastor, LLP, Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, MA 01906 (781/231-7850) |
| Kellerman Woodworks, L.L.C. and John Sommers | Frank Tomeny III Tomeny & Fisher 6709 Perkins Road Baton Rouge, LA 70808 (225) 767-8333 (225) 767-5947 (fax) |
| Knapp, Greyson | David W. Showalter, Law Offices of David W. Showalter 5231 Bellaire Blvd., Bellaire, TX 77401-3901 (713) 660-0491 (713)660-0493 (fax) |
| Lennon, Pete and Donnelly, Judith | Law Offices of Robert W. Sink 1417 Crosby Drive Ft. Washington, PA 19034 (215/646-3982)  Law Offices of Robert T. Gibson, 319 West Front Street, Media, PA 19063 (610/566-0800)  Law Offices of Kenneth A Jacobsen, 22 West Front Street, Media, PA 19063  (610-566-7930)  Law Offices of Francis J. Farine, 577 Gregory Lane, Devon, PA 19333 (610-695-9007) |

DC1:446266.1

| PARTY | PARTY'S COUNSEL |
|---|---|
| Louridas, Michael | Stanley M. Chernau - Chernau, Chaffin & Burnsed, PPLC, SunTrust Center, Suite 1750, 424 Church Street, Nashville, TN 37219 (615/244-5480) |
| | Keith M. Fleischman, Salvatore J. Graziano, J. Douglas Richards, Cary Talbot - Milberg Weiss Bershad Hynes & Lerach LLP, One Penn. Plaza, NY NY 10119 (212/594-5300) |
| Margolis, Jeffrey | Deborah Gross - Law Offices of Bernard M. Gross, P.C., 1500 Walnut Street, Philadelphia, PA 19102 (215/561-3600) |
| | Darren C. Blum, P.A. Law Offices of Darren C. Blum, 4421 Hollywood Blvd, Suite 300, Hollywood, FL 33021 (954/985-1602) |
| Mickunas, Dennis | Joseph W. Phebus – Phebus & Winkelmann, 136 West Main Street, Urbana, Ill. 61801 (217/337-1400) |
| Monson | Thomas S. Watrous, Esq. - Watrous & Reardon, 3733 Eubank Blvd., NE, Albuquerque, NM 87111-3536 |
| Parham, David Michael | David M. Parham, Pro Se and as attorney for the class - Parham and Smith, LLC, 501 River Street, 2nd Floor, Smith Barney Building, P.O. Box 2800, Greenville, SC 29601 (864/242-9008) |
| Powell, James | Gordon Ball Suite 750 Bank of America Center 550 Main Street, Knoxville, TN |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | 37902<br>(865) 525-7028 |
| Public Remedies, Inc. | Law Offices of Brewster Fong, 2336 9th Avenue, San Francisco, CA 94116<br>(415/242-1062)<br>(415/242-1062)(fax) |
| Qualey, Donita; Falk, Raymond; Clark, Charles | James Minge & Assoc. – 1810 Energy Centre, 1100 Poydras Street, New Orleans, LA 70163-2600<br>(504/525-5555)<br>(504/585-7733)<br><br>Richard L. Root, Betsy J. Barnes - Barnes & Root, LLC – 631 St. Charles Avenue, New Orleans, LA 70130<br>(504/568-0077)<br><br>Law Offices of Darleen Jacobs – 823 St. Louis Street, New Orleans, LA 70112<br>(504/522-0155) |
| Saccardo, George | Douglas M. Brooks – Martland and Brooks, L.L.P., Stonehill Corporate Center, 999 Broadway, Suite 500, Saugus, MA 01906 (781/231-7811) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Sanders, Kate | Mary Pat Viles, Marcus W. Viles - Viles Law Firm, P.A., 2075 West First Street, Suite 100, Fort Myers, FL 33901 (941/334-3933)<br><br>Michael D. Hausfeld, Gary E. Mason, Alexander E. Barnett - Cohen, Milstein Hausfeld & Toll, 1100 New York Avenue, N.W., West Tower, Suite 500, Washington, D.C. 20005 (202/408-4600) |
| Spied, Joan | Charles J. Piven, Marshall N. Perkins – Law Offices of Charles J. Piven, P.A., The World Trade Center – Baltimore, Suite 2525, 401 East Pratt Street, Baltimore, MD 21202 (410/332-0030)<br><br>Fred Taylor Isquith, Gregory M. Nespole – Wolf, Halderstein, Adler, Freeman & Herz, L.L.P., 270 Madison Avenue, NY NY 10016 (212/545-4600) |
| Trujillo, Rodolfo, Greenberg, Roberta; Kusturiss, Carol D. | Marvin A. Miller, Matthew E. Van Tine, Lori A. Fanning  – Miller, Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, IL 60602 (312/782-4880)<br><br>Burton H. Finkelstein, Shannon P. Keniry – Finkelstein, Thompson & Loughran, 1-55 Thomas Jefferson Street, N.W., Suite 601, Washington, D.C. 20007 (202/337-8000) |

| PARTY | PARTY'S COUNSEL |
|---|---|
| | Steven A. Schwartz – Chimicles & Tikellis LLP, One Haverford Centre, Haverford, PA 19041 (610/642-8500)<br><br>Lawrence Sucharow, Bernard Persky, Barbara J. Hart – Goodkind Labaton Rudoff & Sucharow LLP, 100 Park Avenue, NY NY 10017 (212/907-0700) |
| Veytia, Carol individually and as Next Friend of John Couch and Representative of the Estate of Priscilla Couch; and Guardiola, Gabriel individually and as Representative of the Estate of Abraham Guardiola | Elizabeth Sutherland Janicek Law Offices of Maloney & Maloney 115 East Travis, suite 2000, San Antonio, TX 78205 (210) 227-2000 |
| Bridgestone/Firestone, Inc., Bridgestone Corporation, Bridgestone/Firestone Inc., Retail Division, & The Firestone Tire & Rubber Company | Mark Herrmann Jones, Day, Reavis & Pogue, North Point, 901 Lakeside Avenue, Cleveland, OH  44114-1190 |
| Bert Wolfe Ford, Inc. | Andrew B. Cooke Flaherty, Sensabaugh & Bonasso, P.L.L.C. 200 Capitol Street P.O. Box 3843 Charleston, WV 25301 |
| Varsity Ford Lincoln/Mercury, Inc. | Paul Douglas Heard Brown McCarroll & Oaks Hartline, L.L.P. 2727 Allen Parkway, Suite 1300 Houston, TX 77019-2100 |

| PARTY | PARTY'S COUNSEL |
|---|---|
| Spikes Motor Company, Inc. | Eduardo Rodriguez<br>Marjory Batsell<br>Rodriguez, Colvin & Chaney, L.L.P.<br>1201 East Van Buren<br>Brownsville, TX 78520 |
| Bohn Ford, Inc. and Bill Waston Ford, Inc. | Mark Bodin<br>McGlinchey Stafford<br>643 Magazine Street<br>New Orleans, LA 70130-3477 |
| General Motors Corp. (served on 9/8/00 by federal express) (dismissal of this party is pending) | Gary W. Hart<br>Jackson & Kelly<br>1600 Laidley Tower<br>Charleston, WV 25301 |

U.S. DISTRICT COURTS
THAT WERE SERVED WITH
FORD MOTOR COMPANY'S
MDL MOTION

U.S. District Court for the District of
Massachusetts (1st Circuit)
Tony Anastas, Clerk
U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

U.S. District Court for the District of
Rhode Island (1st Circuit)
David A. DiMarzio, Clerk
Two Exchange Terrace
John O. Pastore Building
Providence, RI  02903-1779

U.S. District Court for the Eastern District
of Pennsylvania (3rd Circuit)
Michael E. Kunz, Clerk
Joseph Rodgers, Operations Chief Deputy
2609 U.S. Courthouse
Independence Mall, West
601 Market Street
Philadelphia, PA  19106-1797

U.S. District Court for the District of
Maryland (4th Circuit)
Northern Division
Felicia Cannon, Clerk
101 W. Lombard Street, Rm. 4415
Baltimore, MD  21201-2691

U.S. District Court for the District of
South Carolina (4th Circuit)
Kieron Campbell, Deputy Clerk
U.S. District Courthouse
340 E. Washington Street
Greenville, SC  29603

U.S. District Court for the Southern District
of West Virginia (4th Circuit)
Samuel K. Kay, Clerk
101 Federal Building
845 Fifth Avenue
P.O. Box 1570 (25716)
Huntington, WV  25701

U.S. District Court for the Eastern District
of Louisiana (5th Circuit)
Loretta G. Whyte, Clerk
C-151 U.S. Courthouse
500 Camp Street
New Orleans, LA  70130-3367

U.S. District Court for the Southern District
of Texas (5th Circuit)
Michael N. Milby, Clerk
P.O. Box 61010 (77208-1010)
1217 U.S. Courthouse
515 Rusk Ave.
Houston, TX  77002

And

P.O. Box 5059 (78502-5059)
1011 TX Commerce Bank Twr.
1701 W. Business Hwy. 83
McAllen, TX 78501-5178

U.S. District Court for the Eastern District
of Michigan (6th Circuit)
Clerk of the Court
564 Theodore Levin U.S. Court House
231 W. Lafayette Blvd.
Detroit, MI  48226

U.S. District Court for the Southern District
of Ohio (6th Circuit)
Kenneth J. Murphy, Clerk
324 Potter Stewart U.S. Court House
100 E. Fifth Street
Cincinnati, OH  45202

U.S. District Court for the Middle District of
Tennessee (6th Circuit)
Roger A. Milam, Clerk
United States Courthouse
801 Broadway, Suite 649
Nashville, TN  37203

U.S. District Court for the Central District of
Illinois (7th Circuit)
John M. Waters, Clerk
218 U.S. Courthouse
201 S. Vine Street
Urbana, IL  61801

U.S. District Court for the Northern District
of Illinois (7th Circuit)
Michael W. Dobbins, Clerk
Dirksen Bldg.
219 S. Dearborn Street
Chicago, IL  60604

U.S. District Court for the Northern District
of California (9th Circuit)
Richard W. Wieking, Clerk
Burton U.S. Courthouse
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA  94102-3489

U.S. District Court for the Southern District
of California (9th Circuit)
Roberta E. Westdal, Clerk
4290 U.S. Courthouse
880 Front Street
San Diego, CA  92101-8900

U.S. District Court for the Middle District of
Florida (11th Circuit)
Leslie K. Stoddard, Clerk
U.S. Courthouse
2111 First Street
Fort Myers, FL  33902

U.S. District Court for the Southern District
of Florida (11th Circuit)
Clarence Maddox, Clerk
Federal Courthouse Square
301 N. Miami Avenue, Suite 150
Miami, FL  33128

And

701 Clematis Street
West Palm Beach, FL 33401

And

299 E. Broward Blvd., Rm. 108
Ft. Lauderdale, FL  33301

U.S. District Court for the District of
Columbia
Nancy Mayer-Whittington, Clerk
E. Barrett Prettyman U.S. Court House
333 Constitution Ave., N.W.
Washington, D.C.  20001-2802