

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, ) <br> INC., ATX ATXII AND WILDERNESS ) <br> TIRES PRODUCTS LIABILITY LITIGATION ) | MDL Docket No. 1373 |

**PLAINTIFF PEGGY J. SCHMIT'S RESPONSE AND OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER *SCHMIT V. BRIDGESTONE/FIRESTONE, INC.* TO THE
SOUTHERN DISTRICT OF INDIANA FOR COORDINATED PRETRIAL PROCEEDINGS**

Plaintiff Peggy J. Schmit opposes defendant's motion to transfer her case, *Schmit v. Bridgstone/Firestone, Inc.*, Case No. C-00-4515-CW (N.D. Cal.), because there are no "common questions of fact" between her case and those in the MDL proceeding. 28 U.S.C. section 1407 does not support transfer. In support of her opposition, plaintiff responds to defendant's averments as follows:

1. Plaintiff admits the averment in paragraph one.

2. Plaintiff admits the averment in paragraph two.

3. Plaintiff denies the averment in paragraph three that she asserts her claims for relief "on behalf of a putative class of California consumers." Plaintiff has not filed this action pursuant to California's class action statute, but pursuant to California Business and Professions Code sections 17200 et seq., which permits the filing of an action on behalf of consumers.

OFFICIAL FILE COPY

IMAGED MAR 21 '01

Accordingly, this is not a class action. Plaintiff admits the remaining averments in paragraph three.

4. Plaintiff admits the averments in paragraph four. Plaintiff admits that defendant opposes remand on the ground that federal question jurisdiction exists. Plaintiff denies that federal question jurisdiction exists.

5. Plaintiff has no direct knowledge of the averments in paragraph five, and on that basis denies them.

6. Plaintiff has no direct knowledge of the averments in paragraph six, and on that basis denies them. Plaintiff denies the implication that her action is a class action, putative or otherwise.

7. Plaintiff admits the averments of paragraph seven. Plaintiff denies that *Schmit* is a proper tag-along action, because there are no common questions of fact.

8. Plaintiff admits the averments of paragraph eight.

9. Plaintiff admits the averments of paragraph nine.

10. Plaintiff admits the averments of paragraph ten.

11. Plaintiff has no direct knowledge of the averments in paragraph eleven, and on that basis denies them.

12. Plaintiff denies the averments in paragraph twelve. This action does not share common questions of fact with putative class actions currently pending against defendants that allege defects with Firestone's ATX, ATXII and Wilderness tires. This action only alleges defects in completely different tires, the Affinity model tires. This action does not allege any violations of federal law, and there is no federal question jurisdiction. This action does not allege

that the current recall of Firestone's ATX, ATXII and Wilderness tires is "inadequate in scope" or "underinclusive." This action only concerns different tires, which plaintiff alleges are defective. Plaintiff claims various forms of injunctive relief pursuant to California law, including a separate recall of Affinity tires, which is permitted pursuant to California law. This action is not a class action, and shares no common questions of fact regarding class certification, or any other common questions of fact. Pursuant to California Business and Professions Code sections 17200 et seq., no class needs be certified, and plaintiff does not request such.

13. Plaintiff denies the averments in paragraph thirteen. Transfer will further delay the conduct of this litigation. Defendant's instant motion has already delayed any ruling on plaintiff's pending motion to remand, and has caused this action to be stayed, including all discovery. Transfer will further delay remand. Transfer will also delay resolution of the questions of fact unique to this action.

14. Plaintiff denies the averments in paragraph fourteen. Transfer will not serve the convenience of plaintiff or her witnesses to the events leading to this action. Plaintiff filed this action in California state court in the county where she resides. The events leading to the filing of this action occurred in California, in or near the county where the action was filed. Indiana is not convenient to this party or her witnesses.

15. Plaintiff denies the averments in paragraph fifteen for the same reasons stated in paragraph twelve.

16. Plaintiff denies the averments in paragraph sixteen. As is explained in plaintiff's accompanying opposition to defendant's motion, the Panel should deny defendant's motion to transfer this action to the Southern District of Indiana. This action should be remanded to the

Northern District of California, allowing Judge Claudia Wilken to rule on plaintiff's pending motion to remand for lack of federal question jurisdiction.

Respectfully submitted,

Dated: March 16, 2001

**BERMAN, DeVALERIO, PEASE & TABACCO, P.C.**

_____
Jennifer S. Abrams

Joseph J. Tabacco. Jr.
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415.433.3200
Facsimile: 415.433.6382

\...\pleadings\denyavers.wpd

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 19 2001

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| IN RE BRIDGESTONE/FIRESTONE, INC., ATX, ATXII AND WILDERNESS TIRES PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1373 |
|---|---|

PLAINTIFF PEGGY SCHMIDT'S OPPOSITION TO BRIDGESTONE/FIRESTONE'S
MOTION TO TRANSFER *SCHMIDT v. BRIDGESTONE/FIRESTONE*

RECEIVED
CLERK'S OFFICE
2001 MAR 19 A 10:00
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ............................................................................................................1

II. PROCEDURAL POSTURE .............................................................................................2

III. APPLICABLE STANDARDS .........................................................................................3

IV. ARGUMENT....................................................................................................................4

    A. THE PANEL SHOULD NOT ORDER TRANSFER OF THIS
        CASE ....................................................................................................................4

        1. There Is Not Sufficient Commonality............................................................4

        2. Interests Of Efficiency And Convenience Will Not Be
           Promoted By The Transfer Of *Schmidt* ........................................................6

    B. *SCHMIDT* SHOULD BE REMANDED, NOT TRANSFERRED..........................7

V. CONCLUSION..................................................................................................................8

I.  **INTRODUCTION**

*Schmidt v. Bridgestone/Firestone, et. al.*, Case No. C-00-4515-CW (N.D. Cal.) ("*Schmidt*") is a single-claim action predicated on a California statute and seeks equitable relief for unfair business practices on behalf of California consumers. It was improvidently removed to federal court and, as the Clerk of the Panel provisionally found, should not be transferred.

*Schmidt* concerns Bridgestone/Firestone's "Affinity" tires, not the ATX, ATXII and Wilderness tires embraced by the highly-publicized recall and personal injury and products liability actions, that are the subject of the MDL; it is not a personal injury or products liability action; it does not seek to expand the recall; and it is not a class action. Thus, there is not sufficient commonality between *Schmidt* and the cases in the MDL to render transfer appropriate, and the interests of efficiency and convenience will not be served by transfer. In fact, consistent with the ruling of at least one District Court entertaining a Bridgestone/Firestone case in an essentially identical posture, *Schmidt* should not be in federal court at all but should be remanded.

Accordingly, the Panel should deny Bridgestone/Firestone's transfer motion.

II. **PERTINENT BACKGROUND**

Peggy Schmidt ("plaintiff") filed this action in California state court on November 3, 2000, asserting a single unfair business practices claim under California Business and Professions Code sections 17200, et seq. Plaintiff alleges that defendants engaged in unlawful, unfair and deceptive business practices in connection with the marketing and sale of their Affinity P215 65 RI 6 M+5 model tires ("Affinity tires") by fraudulently concealing from consumers defects and problems with such tires. See Complaint for Violations of California Business and Professions Code §§17200 Et Seq. for Unfair, Unlawful and Fraudulent Business Practices ("Complaint") filed in *Schmidt*, a copy of which is attached as Exhibit A to Bridgestone/Firestone Inc.'s Memorandum in Support of its Motion to Transfer *Schmidt v. Bridgestone/Firestone* ("Bridgestone/Firestone Memo.").

*Schmidt* is not a class action, but rather an action brought by plaintiff individually

- 1 -

and on behalf of the general public that seeks equitable relief for California consumers. Plaintiff may establish liability by demonstrating that Bridgestone/Firestone's conduct with respect to its Affinity tires violated any one of the three prongs of the unfair business practice statute, i.e., that such conduct was unlawful or unfair or deceptive. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999).

As to each of the prongs, plaintiff's burden of proof is not great. In particular, as to the first prong, an "unlawful" business practice that violates Section 17200 is "anything that can properly be called a business practice and that at the same time is forbidden by law." People v. McKale, 25 Cal.3d 626, 634 (1979); Barquis v. Merchants Collection Association, 7 Cal.3d 94, 113 (1972).[1] The "test of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer'"; a court weighs the utility of the conduct against the gravity of the harm to the alleged victim. See Podolsky v. First Healthcare Corporation, 50 Cal.App.4th 632, 647 (1996). Finally, as to the deceptive prong, plaintiff need only show a likelihood of deception; she need not prove actual deception, reliance or damages. See Committee on Children's Television, Inc. v. General Foods Corporation, 35 Cal.3d 197, 210-11 (1983).

## II. PROCEDURAL POSTURE

Soon after plaintiff filed *Schmidt*, Bridgestone/Firestone removed it to federal court. Because there is neither a federal question nor diversity jurisdiction, plaintiff quickly moved to remand. See Bridgestone/Firestone Motion to Transfer, ¶4.

In late January, 2001, as plaintiff was finalizing her reply brief on the remand motion, which had been set for hearing on February 9, 2001, Bridgestone/Firestone filed its Seventh Notice of Related Actions ("Seventh Notice"). Id., ¶7. It thereby sought to have this case transferred as a "tag-along" action to the United States District Court for the Southern

---

[1] Section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under Section 17200. See Farmers Insurance Exchange v. Superior Court, 2 Cal.4th 377, 383 (1992).

District of Indiana for inclusion in the MDL proceedings arising from the widely-publicized alleged failures of, and recall involving, the ATX, ATX II and Wilderness Tires. See id.

Within a few days, the Clerk of the Panel determined to take "no action" on Bridgestone/Firestone's initial transfer request. Bridgestone/Firestone Memo., Ex. B. This determination apparently was based on the Clerk's assessment that because *Schmidt* involves only the Affinity tires, which are different from those embraced by the existing MDL, *Schmidt* is not sufficiently related to the other actions in the MDL to warrant transfer. Id.

As a consequence of the Seventh Notice, the Northern District of California issued an order staying all proceedings and dates "pending a decision by the Judicial Panel on Multidistrict Litigation regarding the transfer of this case . . . ." Id. After learning of the Clerk's provisional determination, plaintiff moved to have the stay vacated. On the day its opposition to the motion to vacate was due, Bridgestone/Firestone filed its instant motion to transfer.[2]

## III. APPLICABLE STANDARDS

Civil actions involving common questions of fact may be transferred under 28 U.S.C. §1407 if the Panel determines that such transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. 28 U.S.C. §1407(a). The burden is on the proponent of transfer to demonstrate that transfer would be appropriate. In re Tobacco/Governmental Health Care Costs Litigation, 76 F.Supp.2d 5, 7 (D.D.C. 1999); see also In re 21st Century Productions, Inc. "Thrilsphere" Contract Litigation, 448 F.Supp. 271, 273 (J.P.M.L. 1978)] (moving party is under a heavy burden to show not only that there are common questions of fact, but also that those common questions are sufficiently complex and that the accompanying discovery would be so time-consuming as to justify transfer).

Even where there is overlap between actions and some common questions of fact are present, transfer is not appropriate where the emphasis of the respective cases is different and if it would result in a party in a relatively limited action being subjected to the burdens of a

---

[2] The Northern District of California denied plaintiff's motion to vacate the stay.

massive proceeding potentially involving millions of documents that may take several years to litigate. See In re IBM Antitrust Litigation, 328 F.Supp. 509, 510-11 (J.P.M.L. 1971).

In view of these standards, the transfer of *Schmidt* would not be appropriate, as shown below.

## IV.  ARGUMENT

### A.  The Panel Should Not Order Transfer Of This Case

#### 1.  There Is Not Sufficient Commonality

As the Clerk recognized when he provisionally determined that this case should not be transferred, *Schmidt* involves Bridgestone/Firestone's Affinity tires, which are completely different than those at issue in the MDL. Thus, on its face, *Schmidt* simply does not present questions of fact common with the actions in the MDL sufficient to warrant transfer. Indeed, not only must Bridgestone/Firestone show that the common questions are sufficiently complex, but a mere showing that common questions exist is not sufficient, in and of itself, to warrant transfer. In re Cessna Aircraft Distributorship Antitrust Litigation, 460 F.Supp. 159, 161-62 (J.P.M.L. 1978).

Though it has the burden of persuading the Panel that transfer is appropriate, Bridgestone/Firestone has put forward only two "questions" it contends are common as between *Schmidt* and the cases before the MDL. First, it claims that "*all* of the putative class actions challenge whether Firestone's voluntary recall is adequate and thus present the same factual question: Has Firestone correctly concluded that the recall is appropriate in scope?" Bridgestone/Firestone Memo. at pp. 4-5 (emphasis original). Bridgestone/Firestone then goes on to say that "*Schmidt* presents this question just like the other transferred putative class actions." Id. at p. 5.

But this question is not raised by *Schmidt* and Bridgestone/Firestone's claim in this regard is based on its deliberate mischaracterization of plaintiff's complaint. While it is true that plaintiff seeks a recall of Affinity tires, she does so as just one of several equitable remedies for which she has prayed and which she is entitled to seek under California law on her California

statutory claim. See Bridgestone/Firestone Memo., Ex. A at p. 7. Moreover, plaintiff does not seek to expand the current recall involving the ATX, ATXII and Wilderness tires.[3]

The only other purportedly "common question" that Bridgestone/Firestone is able to muster up is the question of "Who gets to decide whether Firestone's conclusion about the scope of the recall is correct," a judge or federal agency? Bridgestone/Firestone Memo. at p. 5. Apart from the fact that this question is a bootstrap in that it is predicated on Bridgestone/Firestone's above-discussed mischaracterization of Schmidt, it is essentially a legal question and thus irrelevant to the Panel's transfer analysis. See In re Airline "Age of Employee" Employment Practices Litigation, 483 F.Supp. 814, 817 (J.P.M.L. 1980) (commonality prerequisite concerns factual issues, not legal ones); In re Oklahoma Ins. Holding Co. Act Litigation, 464 F.Supp. 961, 965 (J.P.ML. 1979); In re American Home Products Corp. "Released Value" Claims Litigation, 448 F.Supp. 276, 278 (J.P.M.L. 1978).

In an attempt to persuade the Panel that this case should be transferred because of purported commonality, Bridgestone/Firestone cites to several other MDL proceedings where cases purportedly in a posture similar to Schmidt have been transferred. It also likens Schmidt to several other Bridgestone/Firestone cases that have been transferred to the MDL (which it references in its brief or attachments thereto). Neither tactic advances its cause.

With respect to the cases it cites, they all appear to involve essentially identical actions or a substantial overlap of factual matters and claims.[4] Such cases may support the

---

[3] Also, Bridgestone/Firestone's contrary contention notwithstanding, Schmidt is not a class action.

[4] See In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation, 844 F.Supp. 1553, 1554 (J.P.M.L. 1994) (all actions were personal injury actions brought by individuals implanted with TMJ implants); In re Japanese Electronic Products Antitrust Litigation, 388 F.Supp. 565, 566-67 (J.P.M.L. 1975) (while action involved a wide variety of electronic products, like the others, its focal point is "clearly the television receiver industry"); In re Deere & Co. Cotton Picker Fire Products Liability Litigation, 1999 U.S. Dist. LEXIS 10664 (J.P.M.L. July 13, 1999) (cases were all product liability actions concerning cotton pickers); In re Air West, Inc. Securities Litigation, 384 F.Supp. 609 (J.P.M.L. 1974) (actions brought against the same defendants based on the same alleged violations of the federal securities laws where plaintiffs were seeking to represent overlapping putative classes); In re Multi-Piece Rim Products Liability Litigation, 464 F.Supp. 969 (J.P.M.L. 1979) (all actions concerned a multi-piece truck wheel rim and tire assembly; different manufacturers apparently made components of the same

transfer to the MDL of all cases involving the ATX, ATXII, and Wilderness tires. They do not, however, support the propriety of transfer in cases where, as here, the product or dispute at issue is completely different than the one at the heart of the MDL proceeding.

As to the other Bridgestone/Firestone cases, each of them with one exception involves, in whole or in part, the Firestone tires that are directly at issue in the existing MDL, i.e., the ATX, ATX II and Wilderness tires. (See Bridgestone/Firestone Inc.'s Memo., Exs. C-E.) The only action where this is not the case is *Easterly* (see id. F-G), which was filed by the plaintiff in federal court -- thus remand was not at issue -- and where the plaintiff affirmatively sought to become part of the MDL, which, of course, Bridgestone/Firestone did not oppose.

In contrast, there is at least one Bridgestone/Firestone case of which plaintiff is aware where transfer was not ordered. See Farkas v. Bridgestone/Firestone, Inc., 113 F.Supp. 2d 1107 (W.D. Ky. 2000). Presumably there are more.

2.  Interests Of Efficiency And Convenience Will Not Be Promoted By The Transfer Of *Schmidt*

Apart from lacking requisite commonality to render transfer appropriate, transfer of *Schmidt* would be otherwise inappropriate because transfer would defeat -- not promote -- the interests of efficiency and convenience.

Most fundamentally, *Schmidt* is simply not like the scores of other cases that apparently are now embraced by the MDL. As reflected by the exhibits to Bridgestone/Firestone's brief, such cases all assert broad products liability and/or personal injury claims relating principally to the ATX, ATXII and Wilderness tires. As discussed above, *Schmidt* is confined to a single statutory claim for unfair business practices with a relatively light burden of proof for plaintiff, and it concerns Affinity tires. Moreover, certain procedural matters, like class certification, which will be hard-fought affairs in the MDL, are not at issue in

---

rim); In re "Factor VIII or IX Concentrate Blood Products" Liability Litigation, 853 F.Supp. 454(J.P.M.L. 1993) (all actions entail allegations that hemophiliacs acquired HIV from blood products processed by defendants). As to In re Celotex Corporation "Technifoam" Products Liability Litigation, 424 F.Supp. 1077 (J.P.M.L. 1977), there was no clear analysis.

*Schmidt.*

In short, the emphasis of *Schmidt* is clearly different and much more limited in scope than the other cases in the MDL. Also, *Schmidt* simply does not present the complexity of issues or procedural hurdles that infect the MDL. Consequently, the transfer of *Schmidt* would result in plaintiff being saddled with the delays and burdens associated with being forced to participate in a massive case that likely will involve the production of millions of documents and which, no doubt, will take years to prosecute. In these circumstances, transfer is inappropriate. In re IBM Antitrust Litigation, 328 F.Supp. at 510-11.[5]

### B. *Schmidt* Should Be Remanded, Not Transferred

It also bears mention that this case should not even be in federal court; it should be remanded. If remand were ordered, <u>all</u> further federal judicial involvement in this action, including by the Panel, would come to an end. Indeed, if remand were considered first, the Panel would thereby be relieved of even having to evaluate whether this case should be transferred. This would promote judicial economy and it would also prevent undue delay.[6]

In Farkas, 113 F.Supp. 2d 1107, the court not only ordered remand of a Bridgestone/Firestone case that <u>did</u> involve the tires at issue in the MDL, but in doing so it squarely rejected the same arguments Bridgestone/Firestone has raised in *Schmidt* in opposition to plaintiff's remand motion. Farkas also offers a thoughtful and a detailed analysis demonstrating that, because of the limited jurisdiction of the federal courts, remand should be considered before transfer. Id. at 1114-15.

Thus, before even determining transfer, the Panel should allow the Northern District of California to decide plaintiff's remand motion (which is almost fully briefed). In view of its likely greater familiarity with California law, that Court is in a better position than the

---

[5] Also, plaintiff is a California resident and her action is confined to seeking equitable relief on behalf of California consumers. Thus, many of the witnesses are or will be California residents. For them, transfer would be highly inconvenient.

[6] If *Schmidt* is remanded, as it should be, the case likely will be in a position to go to trial in a year or so under California's "fast-track" rules.

Indiana court to determine plaintiff's motion to remand this case. See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F.Supp.2d 1042, 1047-48 (D. Kan. 1999) (easier for judge in forum state to resolve such issues).[7]

## V. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests that the Panel should not order the transfer of *Schmidt*, or, at least allow the Northern District of California to first entertain plaintiff's motion to remand.

Dated: March 16, 2001

BERMAN, DeVALERIO, PEASE & TABACCO, P.C.

By: _____
Jennifer S. Abrams

Joseph J. Tabacco, Jr.
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 394-8500

George Donaldson
Daniel B. Harris
**LAW OFFICES OF GEORGE DONALDSON**
350 California Street, Ste. 1750
San Francisco, California 94104
Telephone: (415) 394-8500

---

[7] The Northern District of California Court is expressly authorized to consider plaintiff's remand motion notwithstanding the existence of the MDL. Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation provides that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule 18, following 28 U.S.C. §1407 (emphasis added).

**ORIGINAL**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 19 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE BRIDGESTONE/FIRESTONE, INC. ATX, ATXII AND WILDERNESS TIRES PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) | MDL Docket No. 1373 |

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2001 MAR 19 A 10:01

RECEIVED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

TYLER KELLY certifies and declares as follows:

I am over the age of 18 years, and not a party to this action. My business address is 425 California Street, Suite 2025, San Francisco, California, 94104, which is located in the county where the mailing described took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 16, 2001, at my place of business at San Francisco, California, the following documents:

1

1.	PLAINTIFF PEGGY J. SCHMIT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER *SCHMIT V. BRIDGESTONE/FIRESTONE, INC.* TO THE SOUTHERN DISTRICT OF INDIANA FOR COORDINATED PRETRIAL PROCEEDINGS;

2.	PLAINTIFF PEGGY SCHMIDT'S OPPOSITION TO BRIDGESTONE/FIRESTONE'S MOTION TO TRANSFER *SCHMIDT V. BRIDGESTONE/FIRESTONE*

were placed for deposit in the United States Postal Service in sealed envelopes, with postage fully prepaid, addressed to the parties shown on the attached Involved Counsel List, and said envelopes were placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 16, 2001, at San Francisco, California.

_____
Tyler Kelly

INVOLVED COUNSEL LIST
DOCKET NO. 1373
IN RE BRIDGESTONE/FIRESTONE, INC., ATX, ATX II AND WILDERNESS TIRES
PRODUCTS LIABILITY LITIGATION

John H. Beisner
O'Melveny & Myers, L.L.P.
555 13th Street, N.W., Suite 500 West
Washington, DC 20004

George Donaldson
Law Offices of George Donaldson
350 California Street, Suite 1750
San Francisco, CA 94104

Irwin B. Levin
Cohen & Malad
136 North Delaware Street, Suite 300
P.O. Box 627
Indianapolis, IN 46204

Joseph J. Tabacco, Jr.
Berman, DeValerio, Pease & Tabacco, P.C.
425 California Street, Suite 2025
San Francisco, CA 94104

William Winingham
Wilson, Kehoe & Winingham
P.O. Box 1317
2859 N. Meridian Street
Indianapolis, IN 46206

Michelle M. Blum
Jones, Day, Reavis & Pogue
5 Park Plaza, Suite 1100
Irvine, CA 92614

Mark Herrmann
Jones, Day, Reavis & Pogue
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Colin P. Smith
Holland & Knight, L.L.P.
55 West Monroe Street, Suite 800
Chicago, IL 60603

Joseph C. Weinstein
Squire, Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114

The Hon. Claudia Wilken
United States District Judge
1301 Clay Street
Courtroom 2, 4th Floor
Oakland, CA 94612